## ROBERT L. MOTLEY v. PIKE COUNTY, Appellant.

### Division One, February 28, 1911.

1. **PROBATE COURT: Janitor Hire.** The probate judge is entitled to have the services of the janitor who cleans and cares for his court room paid for by the county; and it is the duty of the county court, where it has not provided a janitor for his office, to allow him a reasonable amount for janitor hire.

2. **——: Telephone.** The county court should allow the probate judge a reasonable charge for a telephone in his office. The use of a telephone in a public office has become a public necessity, and the statute (Sec. 4065, R. S. 1909) provides that the necessary expense incurred by the probate court for "necessaries" shall be paid by the county.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*L. G. Blair, Tapley & Fitzgerrell* for appellant.

(1) The telephone service in the office of the probate judge is not such necessaries as are contemplated under Sec. 4065, R. S. 1909. Harkreader v. Vernon

County, 216 Mo. 696; Ewing v. Vernon County, 216 Mo. 681. (2) The defendant is not liable for janitor service in this cause for the reason that no demand was made by the plaintiff on the defendant for a janitor. The county having a janitor for the court house it was the duty of the plaintiff to allow this janitor to take care of his office. While it is the duty of the county to provide any pay for necessary janitor service for the office of probate judge, he must demand from the county a janitor before he can employ one independent of the county. The county court must first refuse to employ a janitor before the probate judge can legally appoint one. Ewing v. Vernon County, 216 Mo. 681.

*E. W. Major* for respondent.

(1) Defendant's counsel argue that the county is not liable for janitor service in this cause for the reason that no demand was made by plaintiff on the county court for a janitor, and further, that the county having a janitor for the court house, it was the duty of plaintiff to allow this janitor to take care of his office. This latter contention is not supported by any evidence. On the contrary, the evidence is, that the county court provided a janitor only for the halls in the court house, and did not provide a janitor, at any time since respondent has been in office, for either the office of probate judge or any other office in the court house. And thus neglecting so to do, a "deficiency of public accommodation" was created, which plaintiff was required to meet, and which he did meet, by employing a janitor to attend to his office. This expense is a public charge and as much a part of the contingent expenses of the office as the price of the fuel consumed in the court room. State ex rel. v. Smith, 15 Mo. App. 422; County of Boone v. Todd, 3 Mo. 142; County Court v. Ruland, 5 Mo. 269; Gammon v. Lafayette County, 79 Mo. 223; 23 Am. and Eng. Ency. Law (2

Ed.), 388. Janitor service in public offices, among civilized people, is a necessary accessory, and the probate judge is entitled to such service at the expense of the county, and it is the duty of the county court to reimburse him for reasonable outlays for such service. Harkreader v. Vernon County, 216 Mo. 696; Ewing v. Vernon County, 216 Mo. 681; R. S. 1909, sec. 4065; State ex rel. v. Smith, 5 Mo. App. 427. (2) The respondent having met the general public demand for a telephone in his office and paid for the same should not be compelled to contribute his own means for the public welfare without recompense. Sayler v. Nodaway County, 159 Mo. 525. The telephone being used for the transaction of official business, and being a safe, speedy and convenient conduit to the office of probate judge for the general public, and hence a public benefit as well as a public accommodation, should be paid for by the county court out of the public funds. It is as much a necessity as postage stamps and comes clearly within the meaning of the term "other necessaries" as used in Sec. 4065.

GRAVES, J.—Plaintiff was the judge of the probate court of Pike county, Missouri. On February 7, 1907, he filed with the county court of said county an expense account, thus stated and itemized:

"Pike county, Missouri, in account with R. L. Motley, Judge of Probate:

1906. To cash for postage stamps and cards.
From August 1, 1906, to February 1, 1907. 15.50

Aug. 29th. To cash paid for dustless
brush for Probate Court room .... 2.25

Dec. 1st. To cash paid for express on
office supplies ................... .60

1907. Jan. 9th. To cash paid for express on office supplies ............................. .40

$18.75

Motley v. Pike County.

Feb. 1st.   To cash paid janitor for Pro-
bate Court Room from Nov. 3rd,
1907, to Feb. 2nd, 1907, 13 weeks at
75c a week ....................$ 9.75

Feb. 1st.   To cash paid for rent of tele-
phone for use of Probate Court of-
fice to March, 1907, 41 months, at $1
a month ....................... 41.00

Total amount due .....:................$68.00."

The county court allowed all the items except the
last two, i. e., those for janitor service and telephone
service.   From this judgment of the county court the
plaintiff appealed to the circuit court, where upon a
trial *de novo* plaintiff had judgment for the full ac-
count, and the county appealed to the St. Louis Court
of Appeals.   That court certified the cause here be-
cause the county was a party thereto.   The question
here is whether or not the several items of this ac-
count are properly chargeable to the county.   The evi-
dence bearing upon each can best be stated in the
course of the discussion of the point.   This is a suffi-
cient outline of the case.

I.   The only items of the account attacked in this
court are the latter two.   Of these in their order.

It stands admitted that the county of Pike was am-
ply supplied with funds out of which to pay the ac-
count *in toto*, if it was liable therefor.   It appears
from the evidence that the county court employed a
janitor to sweep out and look after the halls in the
court house, but failed to employ one to look after the
office of plaintiff or any other county officer.   It also
appears that plaintiff employed and paid a janitor
who "swept the floors, made the fires, carried in the
coal, dusted and did all other work that was necessary
to be done towards keeping the office clean and com-
fortable."

It was admitted that each charge in the account was reasonable. It is clear that under the statute, the plaintiff is entitled to this item of the account under the head of "other necessaries." The statute, section 4065, Revised Statutes 1909, reads: "Every probate court shall have a seal of office, of some suitable device, the expense of which, and the necessary expense incurred by said court for books, stationery, furniture, fuel and *other necessaries,* shall be paid by the county."

The reasoning of LAMM, J., in the very recent cases of Harkreader v. Vernon County, 216 Mo. 696, and Ewing v. Vernon County, 216 Mo. 681, is decisive of this question. The statute then under construction was not nearly so plain as the one here, and Judge LAMM reasoned largely by analogy. We then concluded that the sheriff and recorder of deeds were entitled to janitor services, and these discussions are so recent, and the authorities of this State so thoroughly reviewed therein, that we shall not here repeat. There was no error in the allowance of the item for janitor service.

II. Nor do we think there was error in the allowance for telephone service. The term "other necessaries" as used in the statute is sufficiently broad to cover this item. We are not living in the "dark ages," but in a day of progressiveness and enlightenment. Modern business is transacted by modern means and methods. In this day of the world the use of the telephone is in many instances as much of a necessity in the transaction of both public and private business as is the postal service. The use of the telephone has passed the period of mere convenience. It has reached the period of necessity. We are of opinion that the plaintiff with the power to furnish his offices with "other necessaries" had the right to engage telephone service to facilitate the business of his office with the general pub-

lic. The testimony is that it was necessary, but even without testimony we would have to know what the general public knows with reference to a matter of this kind.

It follows that the judgment should be affirmed and it is so ordered. All concur except *Valliant, J.*, absent.