## J. D. BEAUCHAMP, Appellant, v. PIKE COUNTY.

### Division One, June 28, 1913.

1. **COUNTY SURVEYOR: Office Rent.** Where the county surveyor sues the county for the rental value of a room in his private residence and for a telephone installed in said office, and the case is submitted on the theory that it was the duty of the county court to provide office room and a telephone for the conduct of his official business, without a request on his part, and if it failed to do so he could recover the reasonable value of the room and telephone used in the conduct of his official business, a verdict for the county is an end to his claim, there being evidence that the room in his private residence and the telephone were used for private purposes, and that he could have had an office in the court house had he desired it.

2. ————: **Instructions: Alternative View.** It is not error to give instructions for defendant that present a mere alternative view of the evidence submitted by the instructions given for plaintiff.

251 Mo.—34

3. ———: ———: **Record of Surveys.** An instruction telling the jury that the book of the "record of surveys" should be deposited in the recorder's office and subject to public inspection is a correct statement of the law.

Appeal from Pike Circuit Court.—*Hon. David H. Eby* Judge.

AFFIRMED.

*Hostetter & Haley* for appellant.

(1) The court erred in giving defendant's instruction number 1. There is no evidence on which to base this instruction. Plaintiff testified that he used a room in his dwelling as an office room where negroes as well as whites were admitted on official business, and where he kept his records, maps, instruments, etc. It goes without saying that negroes would not have been received in his private dwelling on terms of social equality, but calling on official business they were received there and treated as courteously as if they had called at his office in the court house, had he been provided one there. There was no testimony from anybody that plaintiff merely used this room in his dwelling for his own convenience; or that he did not use said room as an office; or that he did not use it as a convenience for the public in transacting business with him as county surveyor. An instruction must have some evidence for a basis, else it is error for it to be given. (2) The court erred in giving defendant's instruction 2. While this instruction may be correct as an abstract proposition of law, yet the effect of giving it was misleading to an unsophisticated jury, and it no doubt had the effect it was intended it should have, to-wit, of causing the jury to form the erroneous conclusion that as the recorder was the legal custodian of this particular book known as the "Record of Surveys" that therefore there were no public

records of which the county surveyor was the legal
custodian, and therefore he had no use for an office
room, having no records to preserve or keep therein.
It would have been just as proper to have told the
jury by instruction that the recorder of deeds was the
legal custodian of the deed records or the marriage
license records, or that the county clerk was the legal
custodian of the plats and surveys of public roads af-
ter they had been made by the surveyor under direc-
tions and orders of the county court and filed by him
with the county clerk. Besides this instruction was an
unwarranted comment on the evidence and its effect
was prejudicial. This instruction is further mislead-
ing in that it creates the erroneous conclusion that the
recorder alone, and not the surveyor, is responsible
for this book known as the "Record of Surveys." This
is one of the books covered by the surveyor's bond.
Sec. 11293, R. S. 1909. While the book is in the pos-
session of the surveyor he is certainly responsible un-
der his bond for its safe-keeping. Sec. 11303, R. S.
1909, provides that the surveyor shall "keep a fair and
correct record of all surveys made by himself and his
deputies, in a well-bound book . . . to be procured
at the expense of the county." Further on in the same
section it is provided that the surveyor shall "deliver
a copy of any survey to any person requiring the same,
on payment of the fees allowed by law, so long as
said record shall remain in his possession." The vice
of the instruction is accentuated by its stating only a
portion of the law. (3) The court erred in giving de-
fendant's instruction 3. This office rent account was a
running account or at least that question should
have been left to the jury. (4) The court erred in giv-
ing defendant's instruction 4. This instruction is er-
roneous and prejudicial from any angle it may be
viewed. It is conceded that the defendant failed to
furnish plaintiff an office. Both Judges Robertson and
McCune admitted that they never did provide plaintiff

with an office. They both claimed in their testimony
that Mr. Beauchamp never demanded an office room
of them, but they both admitted that they not only did
not furnish or provide him with an office room, but
that they never even offered to do so. If this does not
constitute a failure to furnish plaintiff with an office,
then the common sense canons of construction of the
English language must be completely ignored. Yet
the jury are told by this instruction, that if the plain-
tiff made no request of defendant for an office, ''and
that defendant neither failed nor refused to furnish
said office,'' then he was not authorized to provide such
office at his dwelling and could not recover on that is-
sue. Even an offer, not backed up by good faith or
deeds would not absolve defendant from its breach of
duty. Harkreader v. Vernon County, 216 Mo. 704.
(5) The court erred in refusing plaintiff's instruction
number 7. This instruction tendered correct proposi-
tions of law and embodied the points applicable to the
issues in the case at bar. Its correctness is supported
by Ewing v. Vernon County, 216 Mo. 681; Harkreader
v. Vernon County, 216 Mo. 696, and Motley v. Pike
County, 233 Mo. 42. (6) The court erred in refus-
ing plaintiff's instructions 8 and 9. These instruc-
tions embody substantially the same issue. If plain-
tiff as county surveyor was entitled to have an office,
or was required by law to maintain one, then the in-
structions were correct. Ewing v. Vernon County, 216
Mo. 681; Harkreader v. Vernon County, 216 Mo. 696;
Motley v. Pike County, 233 Mo. 42; Boone County v.
Todd, 3 Mo. 140; County Court v. Ruland, 5 Mo. 268;
Saylor v. Nodaway County, 159 Mo. 520; R. S. 1909,
sec. 11310. (7) The verdict was against the instruc-
tions given by the court on behalf of plaintiff. No
one disputed that Mr. Beauchamp maintained his office
in a room of his residence; no one disputed that the
county court failed to furnish or provide him with an
office room; no one disputed that he installed the tele-

phone in his office and paid the 28 months rental out
of his own pocket; no one disputed the payment by
Mr. Beauchamp of the expenses of the special tele-
phone messages amounting to $1.30. The court prop-
erly declared the telephone to be a necessity. This
is not a case of conflicting testimony so as to ren-
der the verdict of the jury conclusive. The evidence
was all one way and the jury's verdict was squarely
opposed to the evidence as well as the instructions
given on behalf of plaintiff. (8) The verdict was
against the conceded and admitted facts of the case
and should have been for the plaintiff. Boone County
v. Todd, 3 Mo. 140; Motley v. Pike County, 233 Mo. 42.

*T. B. McGinnis* and *W. O. Gray* for respondent.

(1) Respondent's contention is: That as no
proper evidence on the part of the appellant was ex-
cluded by the trial court, and no improper evidence
on the part of the respondent was admitted, and that,
as the law was correctly declared by the trial court,
this court will not set aside the verdict of the jury.
"It is the province of the jury to determine the credi-
bility of witnesses, and the probative force of their
testimony in the trial of law cases, and the courts will
not set aside their verdict where there is substantial
evidence to support it." Huth v. Doble, 76 Mo. App.
671; Temple v. Railroad, 83 Mo. App. 64; Blanton v.
Dold, 109 Mo. 64; Carter v. Railroad, 156 Mo. 635;
Plow Co. v. Sullivan, 158 Mo. 440. In his brief appel-
lant does not assign as error that any proper evi-
dence on his part was excluded, or that any improper
evidence on the part of the respondent was admitted,
in fact he says there was practically no dispute about
the evidence. (2) Six instructions were given on be-
half of appellant, covering fully all the issues under
his contention and declaring the law for him most fav-
orably, as found in the cases of Ewing v. Vernon
County, 216 Mo. 81, and Harkreader v. Vernon County,

216 Mo. 696. These instructions in the case at bar were carefully and forcefully drawn by the learned counsel representing the appellant, right in line with the law in these cases. Instructions 7, 8, 9 offered on behalf of appellant were properly refused; but if not, there is no reversible error, for the reason that all the issues were fully covered by the six instructions given. Conolly v. Printing Co., 166 Mo. 447. Instruction seven asked the court to instruct the jury as to furniture, fuel, janitor service, all items not embraced in his account, and was therefore properly refused. Instructions 8 and 9 were fully covered by the six instructions given, and were refused also for the reason indorsed in each of them by the trial court: "That as applied to this case the instruction is misleading, while it may be the duty of the county to furnish such room, yet, if voluntarily and without any refusal on the part of the county to furnish him a room elsewhere, plaintiff selected a room in his residence, the county would not be bound to furnish a room elsewhere in the sense intended by the instruction." But in any event appellant cannot complain because the six instructions given covered all issues and declared the law for him fully and forcibly.

## STATEMENT BY THE COURT.

The plaintiff is the county surveyor of Pike county and was serving his third term, when he brought this suit against the county for the reasonable value of the use of one of the rooms of his house as a public office, for eight years and four months, alleged to be $505; for the installation of a telephone at said residence two years and two months, $28; and for special telephone messages, $1.30. Th answer was a general denial and the plea of the Statutes of Limitations for five years as to the indebtedness existing beyond that period, before suit.

Beauchamp v. Pike County.

Plaintiff, whose business is that of dairyman and milk dealer, stated that he used one of the rooms of his residence, about one-half mile from town, for his office as county surveyor; that persons who had official business with him called and were received there, that the room in question was also used by himself and family as the sitting and receiving room for themselves and social callers, that he caused a telephone to be placed in said room, for which he paid the rate charged in residences, and which was used for official purposes and also for the convenience of himself, his family, and other persons. That he had so located his office because the county court had failed at his request to provide him suitable office and furnishings. That the reasonable rental value of the room in his residence was five dollars per month, amounting to the sum claimed therefor in his petition; and he testified to the same effect concerning the items claimed for telephone service, and to the last item of special messages he claimed to have spent forty-five cents.

For the defendant, Mr. Robertson, member of the county court, testified that plaintiff never mentioned to him any bill for office rent and never at any time demanded any room wherein to keep his office, and the court never provided for him in that respect. This witness was a member of the county court during the whole time embraced in plaintiff's claims.

Mr, McCune, who had been presiding judge of the county court for three years, testified that the plaintiff made no demand for rent of office during his incumbency, and further testified, to-wit:

"Q. State if you were willing at any time to furnish an office for him, if he wanted it? A. Yes, sir.

"Q. In the courthouse? A. Yes, sir.

"Q. Did he ever make any demand on you, or any member of the county court as far as von know, to furnish him an office? A. No, sir."

This witness further stated that there were two rooms in the courthouse available for that purpose. Defendant had judgment and plaintiff appealed.

## OPINION.

### I.

BOND, J. (After stating the facts as above).—

The court instructed the jury that it was the duty of the county court to provide an office room for the use of plaintiff as county surveyor, without any request on his part, and that in case of its failure to do

County Surveyor: Office and Telephone.

so, plaintiff could recover the reasonable value of the use of one of the rooms of his residence as an office. And that a telephone was a necessary equipment of such an office, and that the expense of installing the same could be recovered by the plaintiff (upon failure of the county court to provide the same) if the jury believed the plaintiff had installed this instrument in the room of his residence where his office was kept, for the discharge of his official duties.

The testimony in this case clearly presented an alternative view of what is expressed by the foregoing instructions. Upon that conflicting evidence the jury found for the defendant and hence conversely to the theory of the plaintiff's instructions. Necessarily that verdict leaves nothing for review. The instructions given for plaintiff submitted to the fullest extent the doctrine announced in the two recent cases. [Ewing v. Vernon County, 216 Mo. 681; Motley v. Pike County, 233 Mo. 42.]

In the former case the point in judgment was the right of the recorder of deeds to recover a reasonable outlay made by him for janitor service in his office, which "was denied to the office," although it had been previously furnished by the county court as a part of its system of maintaining that service in the courthouse where the recorder's office was located, and

which was continued in the remainder of the building. [Ewing v. Vernon County, 216 Mo. 687.] It was held, that the recorder could recover the reasonable expense of the service the county had deprived him, as the record showed that it was not "caused by petulant, unreasonable, or a capricious conduct" on his part, but was expended for a matter necessary to the "keep of his office."

It is apparent, that case is wholly unlike the present in its facts, and that the ruling is not to the point. Here the issue was sharply drawn whether the plaintiff desired an office in the county courthouse; where, or in some other suitable place, it was the duty of the county court to provide him proper quarters and necessary appliances for the discharge of his public duties. The jury evidently found that the plaintiff of his own volition and for his own convenience, located his office in his dwelling and failed to avail himself of his right to require the county court to make other provisions for the location and keep of an office for him.

The case of Motley v. Pike County also correctly ruled that the county court must provide the public office of judge of the probate court with adequate janitor and telephone services under the statute (R. S. 1909, sec. 4065), requiring the county to pay for the "other necessaries" of a probate court. That case decided that items embracing these expenses, must be allowed to the probate judge. But it is plain that ruling does not apply to the facts in the plaintiff's case. In the case at bar, in addition to choosing his residence as a place of business, the plaintiff installed a family telephone at the different rate charged to resident users, this he said was used "by his family, the neighbors, and other people that came there." It might have been well found by the jury, that it was necessary for the dairy business that the plaintiff carried on and out of which he says he had to make his living. Plaintiff was not entitled to be reimbursed for

the expense of his telephone if it was incurred for the uses of his private business or the convenience of his family and neighbors. There is testimony of the plaintiff that on two occasions he expended twenty and twenty-five cents respectively for telephoning as to a matter connected with his office, and that this amount of forty-five cents had not been returned to him by the court. But this testimony was a matter addressed to the credence of the jury, whose verdict for the defendant concludes the matter.

II.   The learned counsel for appellant insist the court erred in giving instructions numbered 1, 2 and 3 for the defendant.   We think not.   The first was merely the alternative view of the evidence submitted by the first instruction given for plaintiff. The second, was a correct statement of the law that the book of the "record of surveys" should be deposited in the recorder's office and subject to public inspection. The third only defined the effect of the Statute of Limitations.

Instructions.

Neither is there any merit in the claim that the appellant was entitled to his refused instructions. These were mere iterations of what was contained in the full and complete instructions which the court had given at his request.

There being no reversible error in the case the judgement is affirmed. *Lamm* and *Graves, JJ.*, concur. *Woodson, P. J.*, dissents in separate opinion.

## DISSENTING OPINION.

WOODSON, P. J.—I dissent from this opinion for the reason that it does not comply with the mandate of section 2088, Revised Statutes 1909.

The previous section provides that the opinions of this court shall be in writing and filed in the cause; and section 2088 provides that "the opinion *shall al-*

*ways* contain a sufficient statement of the case, so that it may be understood without reference to the record ·and proceedings in the same.''

I am unable to understand, from this opinion, the errors complained of or the legal propositions presented by appellant to this court for determination; and therefore am of the opinion that it does not comply with the mandate of that section.

The amendments and modifications made to the opinion since writing the foregoing observations do not in my opinion correct the error there pointed out.