MADISON COUNTY *v.* SIMPSON.

Opinion delivered April 18, 1927.

1. COUNTIES—DISALLOWANCE OF CLAIM—TIME OF TRIAL ON APPEAL.—It was not error for the circuit court to hear an appeal from an order of the county court disallowing a claim in the absence of the county judge and his attorney, where the prosecuting attorney was present and announced that he had no defense, and the circuit court was not advised that the county judge desired to contest the allowance.

2. COUNTIES—AUTHORITY OF CIRCUIT CLERK TO PURCHASE TYPEWRITER.—The circuit clerk of Madison County was authorized to purchase a typewriter, under Crawford & Moses' Dig., § 1371, authorizing him to purchase things necessary for his office;

§§ 1976 and 2283, prohibiting a contract without an appropriation therefor, having no application to that county.

Appeal from Madison Circuit Court; *W. A. Dickson,* Judge; affirmed.

*J. S. Jameson* and *J. B. Harris,* for appellant.

*J. W. Nance* and *Earl Blansett,* for appellee.

MEHAFFY, J.    The appellee, D. Simpson, filed the following account in Madison County Court on the 6th day of June, 1925:

"County of Madison, to Dick Simpson, circuit clerk and ex-officio recorder.

| | |
|---|---|
| 1 Royal Typewriter for recording for county, cash basis | $107.50 |
| Total | $107.50 |

"State of Arkansas, County of Madison.

"I, D. Simpson, do solemnly swear that the foregoing claim is correct, and that no part was paid previously; that the materials furnished were actually furnished, and that the charges therefor do not exceed the amount allowed by law or customary charges for similar services or materials furnished when paid for in lawful money of the United States, and that such accounts, claims, demands, or fee bills are not enlarged, enhanced or otherwise made greater in consequence or by reason of any estimated or real depreciation in value of county warrants.    Dick Simpson.

"Subscribed and sworn to before me this 6th day of June, 1925.    (Seal)    Dewey Glass, Clerk."

And the court made the following order disallowing the claim:

"Examined and disallowed:   First, for the reason that there was no appropriation made to buy fixtures for the courthouse; second, for the reason that the quorum court of October, 1925, refused to make a levy to buy typewriter for the circuit clerk's office; third, that the county never bought a typewriter from D. Simpson. This 21st day of January, 1926. Charley King, county judge.

"Filed January 22, 1926.

"D. Simpson, clerk."

The appellee filed affidavit for appeal, the appeal was granted, and the circuit court reversed the finding of the county court and found in favor of the appellee for $107.50.

The appellant, Madison County, filed motion for a new trial, which was as follows:

"First. The court erred in permitting said cause to be heard without calling the case in regular order and hearing the cause in the absence of Charley King, county judge of said county, who had been in attendance on said court throughout the entire term for the purpose of contesting the allowance of the claim herein allowed by the court.

"Second. That said case was heard and judgment rendered without any evidence being adduced before the court in proof of said claim.

"Third. That said cause was heard and judgment rendered in the absence and without the knowledge of J. B. Harris, the attorney employed by the county judge of said county for the purpose of representing said county in contesting the allowance of said claim herein allowed.

"Fourth. That the court erred in allowing said claim and rendering judgment against the county for same, since there was no appropriation made to pay such claim by the levying court of said county.

"Fifth. That said judgment so rendered herein is contrary to law.

"Sixth. That said judgment is contrary to the evidence, since there was no evidence adduced.

"Seventh. That, for the misconduct of the plaintiff, D. Simpson, in having or procuring said cause to be heard in the absence of the county judge and the said attorney, which conduct resulted in a surprise to defendant that ordinary prudence could not have guarded against, to the great prejudice of the defendant.

"Premises being considered, defendant, Madison County, through its county judge, Charley King, respectfully moves the court or judge in vacation to set aside the judgment herein rendered against it and to grant it a new

trial, in order that justice may be done; but that, in case the court overrules this motion, defendant prays the court or judge to grant it an appeal to the Supreme Court of Arkansas. Charley King, county judge.''

The court overruled the motion for new trial, and the appellant prayed an appeal to the Supreme Court, which was granted.

There is no bill of exceptions; no evidence was introduced except the verified account. The circuit court based its finding on § 1371 of Crawford & Moses' Digest, which is as follows:

''He shall preserve the seal and other property belonging to his office, and shall provide suitable books, stationery, furniture, and other things necessary for his office.''

The appellant contends that the court erred in permitting the cause to be heard without calling it in regular order and in the absence of the county judge; second, that the judgment was rendered without any evidence; third, that it was rendered in the absence and without the knowledge of the attorney appointed to represent the county; fourth, that the court erred in allowing the claim, because no appropriation had been made by the levying court, and he also contends that the judgment is contrary to the law, and that no evidence was introduced, and it ought to be reversed for misconduct of plaintiff in procuring said cause to be heard in the absence of the county judge and his attorney.

The appellant relies on § 1976 of Crawford & Moses' Digest, as amended by Acts of 1917, which provides no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has previously been made therefor and is wholly or in part unexpended, and in no event shall any county court or agent of any county court make any contract in excess of any such appropriation made, and the amount of any such contract or contracts shall be limited to the amount of the appropriations made by the quorum court.

Another section, 2283, of Crawford & Moses' Digest, prescribes the penalty for violating the above section.

It is earnestly contended by appellant that these statutes prevent or prohibit a recovery by the appellee in this case, and we think it would do this but for the act of March 3, 1919, which exempts Madison County from the provisions of this act. The act of 1917 amends § 1976 of Crawford & Moses' Digest, but excepts some counties from the provision of said act, but does not except Madison County. But the act of 1919, amending the act of 1917, does exempt Madison County from the provisions of the act. We therefore conclude that these statutes do not apply to Madison County.

As to whether plaintiff was authorized to purchase the typewriter depends upon the meaning of the clause, ''and other things necessary for his office,'' in § 1371 of Crawford & Moses' Digest. This section authorizes the clerk to provide suitable books, stationery, furniture, and other things necessary for his office. If Madison County is exempt from the provisions of § 1976 and acts amendatory thereof, and we think it is, then the clerk could buy these things that were necessary without an appropriation having been made. Is a typewriter for recording for the county necessary?

We think that the order of the trial court overruling the motion for new trial answers the contentions of the appellant as to calling the case in regular order in the absence of the county judge and his attorney. The motion for new trial states that the county judge had been in attendance on the court throughout the entire term for the purpose of contesting the allowance of the claim. The order of the circuit court recites that no attorney was entered as special counsel, but, as a matter of fact, Mr. Harris had been employed to aid the prosecuting attorney, but that his employment had not been made known to the court or to the prosecuting attorney. The county judge, according to the recital in the order of the circuit court, had been present several days, but did not advise the court that he desired to contest the

cause. The county judge, being in attendance, doubtless knew that it was about the end of the term, and he does not allege that he called the case or had it called, or that he took any action at all with reference to it, and it is also recited in the order that the prosecuting attorney was present, and announced that he had no defense to make against the claim.

In the view we take of the case we do not think the circuit court erred in disposing of the case when it did. The prosecuting attorney was present as the representative of the county, but evidently took the view that, the typewriter being necessary, the clerk had authority to purchase it. Necessary, as used in the Digest, does not mean absolutely essential. The word "necessary" must be considered in the connection in which it is used, and, in this sense, we think it means convenient, useful, appropriate, suitable, proper, or conducive to the end sought. If it meant absolutely essential, then there are many things necessary and proper to have in the clerk's office that could not be said to be absolutely essential, but it seems to us that a typewriter is certainly one of the things necessary which the clerk would be authorized to purchase. *Motley* v. *Pike County,* 233 Mo. 32, 135 S. W. 39; *Ewing* v. *Vernon County,* 216 Mo. 681, 116 S. W. 518.

If Madison County had not been exempted from the provisions of the act, of course the clerk would have been bound by the statute relied on by appellant, and could not have purchased anything or made any contract binding the county unless there had been an appropriation made. But, since Madison County is exempted from the provisions of that act, and the other statute authorizes clerks to buy things necessary for their offices, we conclude that the clerk had authority to purchase the typewriter for the county, and the judgment of the circuit court is therefore affirmed.