PARKER *v.* PACE & DAVIS.

4-3853

Opinion delivered May 6, 1935.

*Walter L. Pope* and *Leffel Gentry,* for appellants.
*R. W. Robins,* for appellees.

MEHAFFY, J. This suit was begun by appellees in the Pulaski Circuit Court asking a writ of mandamus against the appellants. Appellants filed their response, and the case was tried on the following agreed statement of facts: "It is agreed that: In the fall of the year of 1930 the firm of Pace & Davis, attorneys, composed of Frank Pace and Wallace Davis, of Little Rock, Arkansas, was employed by the Arkansas State Highway Commission as the attorneys of said Commission to represent it in certain litigation then pending or contemplated, among which was the case of *Lahar Bros.* v. *Arkansas State Highway Commission* in the chancery court of Pulaski County, under a contract by which it was agreed that

Pace & Davis were to receive for their services in said case the sum of $10,000, which contract will be introduced in evidence in the trial of the case.

"The case of *Lahar Bros.* v. *Arkansas State Highway Commission* was a suit brought by E. L. Lahar and E. W. Lahar, contractors, in the Pulaski Chancery Court against the State Highway Commission, in which Lahar Bros. sought to recover judgment against the Arkansas State Highway Commission for $137,478.05 for damages caused by certain alleged alterations in three contracts that had been entered into between the Arkansas State Highway Commission and Lahar Bros. for the construction of certain roads in Clay and Greene counties, Arkansas, known as State Jobs Nos. 1023, 1032 and 1042. The case was taken to the Supreme Court of Arkansas and was finally submitted to a master, upon whose report judgment was rendered by the chancery court. The judgment of the court was in favor of the plaintiff for $11,-129.76, which was less than the Highway Commission had previously offered in settlement of the case. Pace and Davis participated throughout in the handling of the case, as attorneys for the Arkansas State Highway Commission.

"Pace & Davis were paid on the 25th day of June, 1931, the sum of $5,000 on the amount due to them for their fee in this case, in pursuance of the contract above referred to, leaving a balance of $5,000 due to them under said contract.

"On January 14, 1933, the Arkansas State Highway Commission issued to Pace & Davis State Highway Commission, voucher No. 532 for $5,000, covering the balance due to them for their fee in said case, in pursuance of said contract, a copy of which voucher is hereto attached, marked Exhibit A and made a part hereof.

"On January 14, 1933, J. Oscar Humphrey, Auditor of the State of Arkansas, on presentation of the above-mentioned voucher No. 532, issued his warrant on the State Treasurer of the State of Arkansas in favor of Pace & Davis for the sum of $5,000 in settlement of the balance due to Pace & Davis as above set forth, a copy

of which warrant is hereto attached, marked Exhibit B and made a part hereof.

"Thereafter the claim of Pace & Davis for the sum of $5,000, based upon the above-mentioned contract with the Arkansas State Highway Commission and the above-mentioned voucher, and warrant was presented to the State Refunding Board composed of Governor J. M. Futrell, Secretary of State Ed F. McDonald, Lieutenant Governor Lee Cazort, Treasurer of State Roy V. Leonard, Auditor J. Oscar Humphrey, and Attorney General Hal Norwood, and said board on March 6, 1934, made an order approving said claim and ordering the payment thereof in the sum of $5,000; and on March 6, 1934, the said board issued its voucher No. 398 in favor of Pace & Davis to cover the amount due to them on the said warrant and voucher and claim, a copy of which voucher of the said State Refunding Board is attached hereto, marked Exhibit C and made a part hereof.

"On March 14, 1934, upon the request of the State Comptroller's office, the State Refunding Board ordered that the said voucher No. 398 issued by said State Refunding Board on March 6, 1934, be held in abeyance.

"On October 29, 1934, at a meeting of the said State Refunding Board regularly held in the office of the Governor of the State of Arkansas, by motion unanimously adopted, it was ordered that the said claim of Pace & Davis be allowed, and that the voucher No. 398 theretofore issued by the State Refunding Board, in pursuance of order of said board as above set forth, be released.

"The said State Refunding Board referred to above is the Refunding Board created by act of the General Assembly of the State of Arkansas for the purpose of hearing and determining claims against the Arkansas State Highway Commission.

"Though the said claim has been allowed and ordered paid by the State Refunding Board, and its voucher therefor has been duly issued by said board, the State Auditor has failed and refused to issue a warrant on said voucher upon the Treasurer of the State for the payment of the amount therefor to Pace & Davis, claiming that he was directed to withhold issuance of

said warrant by the State Comptroller; and the issuance of said warrant by the State Auditor is refused solely on the ground that it is claimed by the State Comptroller that the contract entered into by said attorneys with the State Highway Commission was void, and said attorneys have been paid in full for all services rendered under any such contract; and that there was no authorization of this particular warrant by the Highway Commission.

"The Arkansas State Highway Commission during a period beginning on January 1, 1927, and extending until February 29, 1932, on account of the volume of litigation in which said Highway Commission was involved, employed to represent said Commission in such litigation various attorneys throughout the State of Arkansas, and paid said attorneys' fees for such services; a statement showing the names of said attorneys, the date of their employment, the nature of their services and the amount paid to them, is contained in a written memorandum hereto attached, marked Exhibit D and made a part of this stipulation.

"Either side may introduce any additional testimony it may see fit."

A copy of the Highway Commission voucher was introduced showing that it was issued to Pace & Davis for $5,000; also copy of Auditor's warrant for $5,000 in favor of Pace & Davis; and also copy of Refunding Board voucher in favor of Pace & Davis for $5,000. There was also a list of attorneys which had been employed by the State Highway Commission during a period from January 1, 1927, to February 29, 1932, showing a list of seventy-five attorneys or firms that were employed by the Highway Commission.

There was also the evidence of appellant, J. Oscar Humphrey, Frank Pace, Sam Wilson, member of the Highway Commission, J. L. Williams, also member of the Highway Commission, M. H. Thomas, formerly secretary of the Arkansas State Highway Commission, and Griffin Smith, State Comptroller.

The circuit court held that the Highway Commission had authority to employ the attorneys, and issued a writ of mandamus requiring the payment of the amount. To

reverse this judgment of the circuit court this appeal is prosecuted.

The appellants state that the only question to be determined is whether the Highway Commission had authority, necessarily implied, to employ the attorneys. It is urged that, since there is no express authority, the Commission could not employ the attorneys, unless it was absolutely necessary to the primary object of constructing or maintaining roads. The authorities are not in harmony, but we think the better rule is that, if it is reasonably necessary, the authority is implied. We stated in the case of *Madison County* v. *Simpson,* 173 Ark. 755, 293 S. W. 34: "Necessary, as used in the Digest, does not mean absolutely essential. The word 'necessary' must be considered in the connection in which it is used, and, in this sense, we think it means convenient, useful, appropriate, suitable, proper, or conducive to the end sought."

"If we apply with utmost strictness the rule that a city can exercise only such powers as are expressly delegated to it by the General Assembly, and such as are necessarily implied from those expressly given, it must still be said that the General Assembly has given to the city of Chicago, in express terms, the power to make and enforce all necessary police regulations, and that, as held in *Spiegler* v. *City of Chicago, supra,* [216 Ill. 114, 74 N. E. 718] the word 'necessary' does not mean 'indispensable.' *Chicago* v. *Kluever,* 257 Ill. 317, 100 N. E. 917.

"A board of county commissioners, in addition to the powers specially conferred by statute, has such other powers as are incidentally necessary to enable such board to carry into effect the powers granted. The word 'necessary' considered, and, in respect to the implied powers of boards of county commissioners, held to mean no more than the exercise of such powers as are reasonably required by the exigencies of each case as it arises." *Emberson* v. *Adams County,* 93 Neb. 823, 142 N. W. 294. To the same effect are the following cases: *K. C., K. V. & W. R. Co.* v. *Bristow,* 101 Kan. 557, 167 Pac. 1138; *Thrailkill* v. *Crosbyton-South Plains R. Co.,* 246 Fed. 687;

*Heinz v. National Bank of Commerce,* 237 Fed. 942; *Mc-Culloch v. State of Md.,* 4 Wheat. 316, 4 L. ed. 314.

But it is insisted that ample provision was made for legal assistance by providing that the Attorney General should represent it, and that a special Assistant Attorney General was designated to represent the Highway Commission. We think this clearly shows that the Legislature realized that the assistance of attorneys was necessary, and there is nothing to indicate that the Assistant Attorney General designated or the Attorney General's office could try all the case of the Arkansas State Highway Commission, or that the Legislature thought so. It was certainly understood that there would be litigation, and that the service of attorneys would be necessary, and, if the Attorney General and his assistants could not try all the cases and attend to all the litigation, we think the power to secure the services of other attorneys is clearly implied. Moreover, it is common knowledge that attorneys have been employed by the Highway Commission and paid by it, and, notwithstanding several sessions of the General Assembly have been held, no objection has ever been made to the employment of attorneys by the Highway Commission, and no law passed to prevent it. In addition to this, the Legislature passed a law creating a board for the purpose of examining into claims and passing upon claims, and the evidence shows that the claim involved here was presented to the Refunding Board, and this board approved the claim and issued its voucher. The evidence also shows that 100 or more other attorneys and firms have been employed and paid by the Highway Commission, during the period beginning in 1927. No objection was ever made to the employment of these attorneys or to paying them.

This court has several times held that the county court has power to employ additional counsel, although the statute provides that the prosecuting attorney shall defend all suits brought against the State or any county in his circuit.

The appellants admit that the attorneys were employed, and that they rendered the services, and that the

services were worth the amount claimed. We think this case may be distinguished from the case of *Arkansas Highway Commission* v. *Dodge, ante* p. 131, relied on by appellants. The law did not authorize a rate expert, and there is nothing in the law to indicate that the Legislature thought the services of the rate expert would be necessary. This case also differs from the Dodge case in that the board created by the Legislature to pass on claims investigated this claim and approved it.

It was said in the Dodge case: "There is another reason that seems cogent and effective in the determination of the matter here involved. There was no appropriation for the payment of this alleged obligation, from which we may imply the authority to employ Wood."

No such reason exists in this case. We therefore conclude that the judgment of the trial court was correct, and it is affirmed.