Everett ALLEN, d/b/a Allen Auto
Sales and Service,
Plaintiff–Appellant,

v.

BUTLER COUNTY, Missouri,
Defendant–Respondent.

No. 14966.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 25, 1987.

Motion for Rehearing and Transfer
Denied and Overruled Dec. 16, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Ted M. Henson, Poplar Bluff, for plaintiff-appellant.

Daniel T. Moore, L. Joe Scott, Poplar Bluff, for defendant-respondent.

MAUS, Judge.

By his petition, the plaintiff seeks to recover $65,301 from Butler County as reasonable charges for towing and storing motor vehicles and parts seized by the Sheriff. After a hearing, the trial court entered judgment for Butler County. The following is a condensation of the facts.

In the spring of 1981, the Missouri Highway Patrol was conducting an investigation of the operation of a "chop shop" by one Don Rogers. In the course of that investigation a search warrant was issued by the Circuit Court of Butler County to the Sheriff of Butler County. On April 15, 1981, pursuant to that warrant, the Sheriff seized three vehicles, a chassis and frame, a bumper, trailer hitch, six engines, nine transmissions and five transfer cases. At the request of the Sheriff, the plaintiff removed these items from the premises of Don Rogers to his storage facilities. The plaintiff has stored those items since April 15, 1981. On numerous occasions he sought payment through the office of the Prosecuting Attorney and the County Court (now County Commission). His demand has been refused. His testimony the charges were reasonable is not disputed. In fact, the Sheriff agreed they were in line with the charges customarily made in that county. However, the plaintiff further testified there was no written contract with anyone and that he did not discuss with the Sheriff or Highway Patrol his rates or financial arrangements for his services. The trial court found there was no contract in writing and there was no compliance with the County Budget Law, §§ 50.525 to 50.-750.

By his first point the plaintiff contends the county is liable because the sheriff was

the agent of the county. He cites statutes pertaining to the duties of the sheriff, such as §§ 57.100, 57.110, 57.390, 57.405 and 57.-407. By his second point the plaintiff contends that even though the county is not otherwise liable, "the defendant-county is liable for the expenses of law enforcement and the administration of justice within the county even though there is no written contract and even though the expenses were not budgeted." He cites cases such as *Hale v. Texas County,* 178 S.W. 865 (Mo.1915); *Motley v. Pike County,* 233 Mo. 42, 135 S.W. 39 (1911); *Harkreader v. Vernon County,* 216 Mo. 696, 116 S.W. 523 (1909).

■ In one sense, the sheriff and other county officers, as well as the county commission, are agents of the county. However, "[a] county court is only the agent of the county with no powers except those granted and limited by law, and like all other agents, it must pursue its authority and act within the scope of its powers." *Jensen v. Wilson Township, Gentry County,* 346 Mo. 1199, 145 S.W.2d 372, 374 (1940). An officer cannot bind a county by an act contrary to prescribed procedure or to a statutory restriction upon his power. *Missouri–Kansas Chemical Co. v. Christian County,* 352 Mo. 1087, 180 S.W.2d 735 (1944); *Elkins–Swyers Office Equipment Co. v. Moniteau County,* 357 Mo. 448, 209 S.W.2d 127 (1948). An express restriction upon such power is the County Budget Law. §§ 50.525 to 50.750. It is sufficient to observe the cases cited by the plaintiff deal with the payment of expenses mandated by statute at a time when the County Budget Law was not in force.

■ The purpose of the County Budget Law is succinctly stated. "The annual budget shall present a complete financial plan for the ensuing budget year." § 50.550. Also see *Missouri–Kansas Chemical Corp. v. New Madrid County,* 345 Mo. 1167, 139 S.W.2d 457 (1940). To this end, "all offices, departments, courts, institutions, commissions or other agencies," § 50.640, are to "prepare and submit to the budget officer estimates of its requirements for expenditures and its estimated

revenue for the next budget year...." § 50.540. The budget is to set forth all proposed expenditures. § 50.550. Mandamus is an appropriate remedy to compel a county commission to budget expenses within the requirements of the law. *State ex rel. Judges For Twenty–Second Judicial Circuit v. City of St. Louis,* 494 S.W. 2d 39 (Mo. banc 1973). Also see *State ex rel. Weinstein v. St. Louis Co.,* 451 S.W.2d 99 (Mo. banc 1970); *State ex rel. Taylor v. Clymer,* 503 S.W.2d 53 (Mo.App.1973). The budget requirements of the Act specifically include estimates by the circuit for "all activities thereof." The Act now contains a statutory procedure for the determination of whether or not a budget estimate of the circuit court is unreasonable. § 50.640. See *In Re 1984 Budget for Circuit Court,* 687 S.W.2d 896 (Mo. banc 1985).

The Act also contains an express, plainly stated, fundamental restriction upon the power of an officer to bind a county.

No contract or order imposing any financial obligation on the county is binding on the county unless it is in writing and unless there is a balance otherwise unencumbered to the credit of the appropriation to which it is to be charged and a cash balance otherwise unencumbered in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation incurred and unless the contract or order bears the certification of the accounting officer so stating;....

§ 50.660. The Act also provides for contracts for supplies, material, equipment or services as required and, from time to time, as ordered. § 50.660.

Section 432.070 provides:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall

be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

██ These statutory restrictions are "mandatory and not merely directory." *County of St. Francois v. Brookshire*, 302 S.W.2d 1, 4 (Mo.1957). Also see *Thies v. St. Louis County*, 402 S.W.2d 376 (Mo. 1966); *Carter–Waters Corporation v. Buchanan County*, 129 S.W.2d 914 (Mo.1939). Further, "[a]ll persons are charged with knowledge of the powers of counties, the authority of their officers and agents, and the manner prescribed by statute for the exercise thereof." *Thies v. St. Louis County*, supra, at 380.

The applicable law has been appropriately summarized:

Persons dealing with counties should be on notice that, in order to recover payment from a county for goods and/or services furnished, a written contract, meeting the requirements of § 432.070, RSMo 1986, must have existed before the furnishing of such goods or services; otherwise any agreement for the furnishing of goods and/or services to a county is void ab initio and cannot be enforced against the county in any manner under such theories as ratification, estoppel or implied contract.

2 Mo. Local Government Law, § 12.13, (2d ed. 1986). The findings of the trial court that there was no contract in writing, no compliance with the County Budget Law and its determination the plaintiff cannot recover are supported by all of the evidence. Cf. *Elkins–Swyers Office Equipment Co. v. Moniteau County*, supra; *Carter–Waters Corporation v. Buchanan County*, supra; *Traub v. Buchanan County*, 341 Mo. 727, 108 S.W.2d 340 (1937). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.