Arthur R. JABLONSKY, Respondent,

v.

CALLAWAY COUNTY, Paul Murphy, and Boyd X. Harvey, Appellants.

No. WD 46964.

Missouri Court of Appeals,
Western District.

Sept. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Application to Transfer Denied
Dec. 21, 1993.

Robert R. Sterner, Fulton, for appellants.

B. Daniel Simon, Brown, Willbrand & Simon, Columbia, for respondent.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

Arthur Jablonsky filed suit against Callaway County and two members of the County Court (now County Commission, § 49.010, RSMo 1986) [1] on a contract by which Jablon-

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

sky was to perform architectural services for the County. The court entered judgment against the County and two members of the County Commission. The County appeals contending the contract is not binding on the County because the County accounting officer failed to certify that there was an unencumbered balance to the credit of the appropriation to which the contract was to be charged and a cash balance in the County Treasury sufficient to meet the obligation. Reversed.

In the fall of 1979 the judges of the Callaway County Court were exploring the possibility of constructing a new jail. Jablonsky was an architect with offices in Columbia. When Jablonsky learned of the interest of Callaway County in building a new jail, he contacted the County with a proposal that he perform the architectural services.

In December 1979 a contract in the usual form utilized by architects was signed by the three judges of the County Court and Jablonsky by which Jablonsky was to perform architectural services in connection with the construction of a jail. The contract provided that "payments on account of the architectural services shall be made as follows (after a bond issue is passed) . . . ."

At the time the contract was signed there was no appropriation by Callaway County for capital improvements or architectural services, nor was there a cash balance from which Jablonsky could be paid. It was the plan of the County to acquire all necessary funds for the new jail from the passage of a bond issue. An election was held in Callaway County in November 1980 to obtain voter approval for the issuance of bonds to construct a jail but the issue failed to receive the necessary majority for passage. No proposal for the issuance of bonds to construct a jail has been submitted to the voters of Callaway County since November 1980.

Prior to the bond proposal in November 1980, Jablonsky had completed the design development phase of the new jail so that the County would have information concerning the project to be used in promotion material in an effort to pass the bond issue. Jablon-

sky calculated the fair and reasonable value of his work to be $35,895.

In April 1987 the County Commission submitted a proposal to the voters for the adoption of a sales tax to fund construction of the new jail. That proposal was defeated but a similar proposal in November 1987 was approved and Callaway County has since constructed a new jail with funding from a sales tax.

After the sales tax was passed in November 1987, the County contracted with other architects for the necessary work to construct the new jail. The County made no use of Jablonsky's plans in building the new jail.

Jablonsky filed suit in June 1986 on the theory that the County was obligated to pay him under his contract or in the alternative that the County was obligated to pay him under § 431.100. The court entered judgment in favor of Jablonsky for $35,895.

The County contended in the trial court and contends here that it was not obligated on the contract because § 50.660 had not been complied with. That section provides that no contract involving a class two county is binding "unless there is a balance otherwise unencumbered to the credit of the appropriation to which it is to be charged and a cash balance otherwise unencumbered in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation incurred and unless the contract or order bears the certification of the accounting officer so stating . . . ." [2] All parties concede, and the trial court found, that the contract did not bear any certification by the accounting officer, the County auditor, that there was an unencumbered balance to the credit of an appropriation or an unencumbered cash balance in the County treasury from which Jablonsky could have been paid.

In *Traub v. Buchanan County*, 341 Mo. 727, 108 S.W.2d 340 (1937), the county defended an action seeking pay for work performed on the ground that § 12218, Laws of Missouri 1933 (the predecessor of § 50.660 and containing the same provisions quoted above) had not been complied with and for

---

2. Callaway is a county of the second class.

that reason the County was not obligated. The court denied recovery because the County budget law (now § 50.660) had not been complied with. In *Allen v. Butler County*, 743 S.W.2d 527, 529[3] (Mo.App.1987), the court held that § 50.660 is "mandatory and not merely directory." In that case recovery was denied for failure to show that the County Budget Law had been complied with because there was no contract bearing the required certificate by the County accounting officer.

■ The only case cited by Jablonsky to support recovery absent compliance with § 50.660 is *Mercantile Bank v. School Dist.*, 834 S.W.2d 737 (Mo. banc 1992). However, the court in *Mercantile* was not concerned with § 50.660. *Mercantile* held a political subdivision must have an unencumbered cash balance in the year an obligation is to be paid out of which the same can be paid. That is the very purpose § 50.660: to make certain that a sufficient unencumbered balance is available from which the obligation of a contract can be paid. This court holds that under § 50.660 a second class county cannot be held liable on a contract in the absence of a certificate by the accounting officer that there is an unencumbered balance to the credit of the appropriation to which the contract is to be charged and an unencumbered cash balance in the treasury to the credit of a fund from which the payment is to be made sufficient to meet the obligation incurred.

■ Jablonsky nevertheless contends that it is unfair for the County to have contracted with other architects to design a new jail and to discard Jablonsky's plans without paying him for his time and effort. In *Hillside Securities Co. v. Minter*, 300 Mo. 380, 254 S.W. 188, 193[6] (banc 1923), the court held that counties are permitted to be bound by contracts only when the contract is entered into in compliance with express statutory provisions and persons contracting with a county are held to know the law and that contracts which are made without complying with the law are void. The court said this rule was well expressed in *Zottman v. San Francisco*, 20 Cal. 96, 104–05 (1862), when the court stated:

It may sometimes seem a hardship upon a contractor that all compensation for work done, etc., should be denied him; but it should be remembered that he, no less than the officers of the corporation, when he deals in a matter expressly provided for in the charter, is bound to see to it that the charter is complied with. If he neglect [sic] this, or choose [sic] to take the hazard, he is a mere volunteer, and suffers only what he ought to have anticipated. If the statute forbids the contract which he has made, he knows it, or ought to know it, before he places his money or services at hazard.

The analogy drawn from the obligation of an individual to pay for work which he accepts, although there has been no previous contract for its performance, wholly fails to reach the present case. Here, neither the officers of the corporation, nor the corporation by any of the agencies through which they act, have any power to create the obligation to pay for the work, except in the mode which is expressly prescribed in the charter; and the law never implies an obligation to do that which it forbids the party to agree to do.

Here the contract was not made as required by law because no certificate was attached to it. Jablonsky knew or should have known that a certificate was required and it was his responsibility to see that the County properly made the contract before he expended time and effort to perform. Having failed to receive a contract complying with the law, Jablonsky is in no position to complain.

■ Jablonsky further contends that even if he is not entitled to recover on the contract he is entitled to recover under § 431.100. That section provides that a claimant shall be entitled to recover on a claim against a county for work and labor done if he has fulfilled his contract though the county authorities may not have pursued the form of proceedings prescribed by law. In *Scott v. St. Louis County*, 341 Mo. 1084, 111 S.W.2d 186, 187 (Mo.1937), the court quoted *Hillside Securities* that § 12109 (now § 431.100) "applies only where the contracting parties have failed 'to pursue the form of proceedings

prescribed by law in executing a contract otherwise authorized by law,' but that said section does not apply 'where the parties have not followed the prescribed procedure leading up to the making of the contract itself.' "

In this case the County failed to follow the prescribed procedure leading up to the making of the contract because the County auditor failed to make the required certificate under § 50.660. Although Jablonsky contends this was simply a failure to follow the form of proceedings, it was a failure to follow the procedure prescribed for the making of a contract because the certificate, as held above, is a necessary ingredient in a contract. Because there was a failure to follow the prescribed procedure leading up to the making of the contract, Jablonsky is not entitled to recover under § 431.100.

The court entered judgment against two members of the County Commission individually in addition to the County. Jablonsky concedes that a judgment against these two individuals is not proper and that the judgment against them should be reversed.

The judgment is reversed and this cause is remanded to the circuit court with directions to enter judgment in favor of all defendants.

All concur.

### ON MOTION FOR REHEARING OR TRANSFER TO THE SUPREME COURT

PER CURIAM.

Jablonsky has filed a motion for rehearing or to transfer this case to the Supreme Court because the opinion is contrary to *Mercantile Bank v. School Dist.*, 834 S.W.2d 737 (Mo. banc 1992). Jablonsky states that the contract was executed in December 1979, but that payment was not due until sometime later. He contends that the opinion holds that he was required to show an auditor's certificate that in December 1979 there was a balance available as defined in § 50.660 to meet the obligation of the contract. Jablonsky contends that the auditor's certification was not required to be affixed until the time Jablonsky had performed and the county was requested to make payment under the contract.

The difficulty with Jablonsky's position is that he did not obtain the auditor's certificate that there were sufficient funds to pay him in any year. Absent the auditor's certificate, Jablonsky failed to show that he had complied with § 50.660. As held in the opinion, § 50.660 is mandatory and when it appears Jablonsky did not have an auditor's certificate for any year, he has not made the requisite showing to recover on the contract.

The opinion is not in conflict with *Mercantile* because *Mercantile* was not concerned with § 50.660 and the requirement of certification that funds were available for the payment of a contractual obligation. *Mercantile* held that a governmental subdivision may obligate itself under a lease to make lease payments over a period of years if it has sufficient funds together with unencumbered balances from previous years available in any year to make the payments due in that year. *Mercantile* did not hold that the county auditor's certification is not necessary nor did it overrule the numerous cases which have held that one who seeks payment from a governmental entity must show compliance with § 50.660.

Jablonsky failed to show a certification from the county auditor that funds as defined in § 50.660 were available in the year in which he claims payment was due. For that reason Jablonsky has not shown that he is entitled to recover on his contract.

The motion for rehearing is overruled and the motion for transfer is denied.