Honorable Paul Boyd Scott County Prosecuting Attorney P.O. Box 160 Benton, MO 63736
Dear Mr. Boyd:
Your predecessor submitted a request for an opinion from this office regarding the obligations of a county commission to pay for the replacement of a heating/cooling unit at the Scott County jail wherein questions were raised whether the bidding procedures were followed. In a phone call with your office, you renewed the request. Based upon the information you have submitted, it appears the unit at the county jail was replaced at a cost that exceeded $4,500.
In your request, you ask whether the commission would violate Section49.490, RSMo, if it pays the bill, as well as related questions regarding who otherwise would be responsible for paying the bill. As an initial matter, Section 49.490, RSMo, is inapplicable in this instance. That statute involves civil responsibility for damaging county property and is in no way applicable herein.
Section 50.660, RSMo 2000, governs the award of county contracts. It provides in pertinent part:
 All contracts shall be executed in the name of the county, . . . by the head of the department or officer concerned, except contracts for the purchase of supplies, materials, equipment or services other than personal made by the officer in charge of purchasing in any county . . . having the officer. No contract or order imposing any financial obligation on the county . . . is binding on the county . . . unless it is in writing and unless there is a balance otherwise unencumbered to the credit of the appropriation to which it is to be charged and a cash balance otherwise unencumbered in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation incurred and unless the contract or order bears the certification of the accounting officer so stating; except that in case of any contract for public works or buildings to be paid for from bond funds or from taxes levied for the purpose it is sufficient for the accounting officer to certify that the bonds or taxes have been authorized by vote of the people and that there is a sufficient unencumbered amount of the bonds yet to be sold or of the taxes levied and yet to be collected to meet the obligation in case there is not a sufficient unencumbered cash balance in the treasury. All contracts and purchases shall be let to the lowest and best bidder after due opportunity for competition, including advertising the proposed letting in a newspaper in the county . . . with a circulation of at least five hundred copies per issue, if there is one, except that the advertising is not required in case of contracts or purchases involving an expenditure of less than four thousand five hundred dollars. It is not necessary to obtain bids on any purchase in the amount of four thousand five hundred dollars or less made from any one person, firm or corporation during any period of ninety days. All bids for any contract or purchase may be rejected and new bids advertised for. . . .
Under the terms of this statutory provision, counties are obligated to use competitive bidding procedures for contracts in excess of $4,500. There was apparently no advertisement in a newspaper in the county for bids as mandated by the statute. The bids are to be obtained "by the head of the department or officer concerned," unless the county has a purchasing officer. There is nothing in your submittal to indicate that Scott County has a purchasing officer.
Information received from the sheriff indicates that he obtained two bids for the repair work and that he considered the situation to be an "emergency." He states that had he not taken the action of getting the repairs done quickly, the prisoners would have to have been moved to another facility at a greater expense to the county than the cost to repair the unit. We have been unable to find any provision exempting from the bidding requirements for an "emergency." We do recognize that there may be life-threatening situations in which repairs must be undertaken outside the bidding process. However, there is nothing in what has been submitted that indicates the repairs were undertaken because of life-threatening situations.
Sheriffs have the "custody, rule, keeping and charge of the jail within his county." Section 221.020, RSMo 2000. The responsibility of the care of prisoners is on the sheriff. Jones v. Houser, 489 F. Supp. 795
(E.D.Mo. 1980). In fact, the sheriff is liable for jail conditions even though he may not be aware of them. Tatum v. Houser, 642 F.2d 253 (8th Cir. 1981).
The determination to require all contracts in excess of $4,500 be let by competitive bidding is the declaration of public policy that such bidding is required. Layne-Western Co. v. Buchanan County, 85 F.2d 343,347 (8th Cir. 1936). There is an obligation on contractors to ensure that counties comply with the bidding requirements. Jablonsky v. CallawayCounty, 865 S.W.2d 698 (Mo.App. 1993). In fact, counties can assert noncompliance with the bidding procedures to avoid obligations under contracts let without following those procedures. Traub v. BuchananCounty, 108 S.W.2d 340 (Mo. 1937). See also Carter-Waters Corporationv. Buchanan County, 129 S.W.2d 914 (Mo. 1939) wherein the court held that a contractor who provided road materials to a county without complying with the county budget law had no cause of action against the county.
Even though the sheriff is in charge of the jail, he cannot bind the county when the competitive bidding procedures are not followed. Allenv. Butler County, 743 S.W.2d 527 (Mo.App. 1987). In Allen, the court found that the provisions in Section 50.660 are mandatory and that all people dealing with counties are on notice of these requirements. Allen at 528-29.
The purpose of statutory construction is to implement the legislature's intent. Habjan v. Earnest, 2 S.W.3d 875 (Mo.App. 1999). The plain and ordinary meaning of words are to be applied in ascertaining that intent.Pierce v. Department of Social Services, 969 S.W.2d 814 (Mo.App. 1998). The plain words of Section 50.660, RSMo, require that all contracts over $4,500 must be let to the lowest and best bidder after advertisement in a newspaper with a circulation of at least 500.
Having established that the county has no obligation to pay for the work performed outside the provisions of Section 50.660, we turn to your question whether the contractor has recourse. This office addressed this issue in Opinion No. 19, December 7, 1955, a copy of which is attached. In that opinion, we concluded that a county court (now county commission) cannot pay for services for which it was not legally obligated to pay, but that the officer (the sheriff herein) would be obligated on his bond under Section 50.650, RSMo 1949. That statutory provision relied upon in the 1955 opinion still exists at Section 50.650, RSMo 2000. Therefore, under the facts as stated in your request, the county commission could not make payment on the repairs and the contractor could recover its contract price from the sheriff's bond.
 CONCLUSION
Contracts subject to the provisions of Section 50.660, RSMo 2000, that are not let pursuant to those provisions are unenforceable against the county; however, the provider of the supplies, materials, or equipment has a cause of action for those obligations against the bond of the public official who acquired the supplies, materials, or equipment.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
attachment