THE PEOPLE *ex rel.* John E. Northup, Relator, *vs.* THE COUNTY OF COOK *et al.* Respondents.

*Opinion filed June 22, 1916.*

1. COUNTIES—*county board must determine number of assistant State's attorneys and their salary.* A special State's attorney, whose order of appointment gives him the same authority as a regularly elected State's attorney to appoint assistants, has no power to bind the county by appointing assistant special State's attorneys, as it is the province of the board of county commissioners or board of supervisors, as the case may be, and not that of the State's attorney, to determine the number of assistant State's attorneys and to fix their compensation.

2. SAME—*claim against county must be verified by affidavit of claimant or his agent.* Under the statute the board of county commissioners of Cook county is authorized to examine and settle all accounts, but before any claim against the county is audited and allowed it must be verified by affidavit of the claimant or his agent.

3. MANDAMUS—*when mandamus will not lie against a county.* Mandamus will not lie against a county to compel the payment of claims for the pay of assistant special State's attorneys, clerks, stenographers and investigators and the miscellaneous expenses attending the investigation in which such persons were engaged, where such claims have neither been audited by the county board nor reduced to judgment against the county.

4. SAME—*mandamus will not lie to collect a claim not ascertained to be due.* Mandamus will not lie against a municipal corporation to enforce payment of a claim unless the claim has been ascertained to be due by a judgment, by the action of the municipal authorities in auditing and allowing the claim, or by the imposition of a charge, by law, which does not require any action by the municipal authorities.

ORIGINAL petition for *mandamus.*

THOMAS MARSHALL, for relator.

MACLAY HOYNE, State's Attorney, (HENRY A. BERGER, of counsel,) for respondents.

Mr. JUSTICE DUNN delivered the opinion of the court:

John E. Northup was on June 2, 1913, appointed by the criminal court of Cook county a special State's attorney for the investigation and prosecution of offenses supposed to have been committed against the election laws in the general election of November, 1912. He acted under the appointment, devoting his whole time to the performance of the duties imposed, and on June 13, 1914, filed in this court, pursuant to leave granted, a petition for a writ of *mandamus* against the county of Cook, the president and members of the board of commissioners of Cook county, the county clerk and county treasurer, commanding the county and the board of commissioners to make an appropriation to cover the expenses incurred by him as such special State's attorney during the year 1913, the county clerk to draw and the county treasurer to pay warrants upon such appropriation; also commanding the county clerk to draw and the county treasurer to pay warrants against an appropriation of $20,000 made by the board of commissioners for such expenses for the year 1914.

The order of appointment, on its face, purported to give the relator "power to appoint any and all assistant special State's attorneys, clerks and investigators and other help or assistance in the performance of said duties, to the

full extent as if he were the regularly elected State's attorney of Cook county, Illinois." The relator appointed eight special State's attorneys and nineteen investigators and clerks, employed stenographers, and incurred other expenses amounting in the aggregate to $37,989.71, including his own compensation at $800 a month. An answer was filed, an issue of fact was made up, which was referred to a commissioner, evidence was taken, and the cause has been submitted upon the pleadings, commissioner's report and exceptions thereto.

The relator's appointment as special State's attorney was made under the authority of section 6 of chapter 14 of the Revised Statutes. The relator insists that by this appointment he became an officer for whose salary and expenses the county of Cook was liable, and being so liable was under a duty, which might be enforced by *mandamus,* to make a sufficient appropriation therefor. In the first quarter of the fiscal year beginning December 1, 1913, the board of county commissioners appropriated $20,000 for "special State's attorney Northup, salary and expenses," and after the beginning of this suit that amount was paid over to the relator. He only claimed $800 a month for his own salary, and therefore that question is no longer in the case if the payment of the other claims cannot be enforced by *mandamus.*

As to the pay of the assistant State's attorneys, stenographers and clerks and the other expenses incurred by the relator, he has no right to a writ of *mandamus.* In his brief the relator says that the attorneys, investigators, clerks and stenographers employed by him are not presenting any claim against the county but that their claims are merely an indebtedness of the relator to them, and that this proceeding is brought only for his own compensation and expenses. It is his position that these claims stand on the same footing as his own compensation and that the board of county commissioners was under the same obligation to

appropriate money for their payment. If the relator had authority to employ attorneys and other assistants and fix their compensation and purchase supplies, such authority must be found expressed or reasonably implied in some statute. The order of his appointment only authorized him to employ assistants to the same extent as if he were the State's attorney of Cook county. No such authority as is claimed exists in the State's attorney. The statute provides that where assistant State's attorneys are required in any county, the number of such assistants and the salary to be paid shall be determined by the board of county commissioners or supervisors, as the case may be. (Hurd's Stat. 1913, p. 1252.)

In regard to the purchase of supplies and the incurring of other expense against the county, the board of county commissioners is authorized to examine and settle all accounts, and by section 35 of chapter 34 of the Revised Statutes it is provided that before any claim against the county is audited and allowed it must be verified by the affidavit of the claimant or his agent, and when disallowed an appeal may be taken to the circuit court. *Mandamus* is not a proper proceeding for the collection of debts. It will only lie against a municipal corporation to enforce the payment of a claim ascertained to be due. (*People* v. *Reddick*, 181 Ill. 334.) This ascertainment may be by a judgment, by the action of the municipal authorities auditing and allowing the claim, or by the imposition, by law, of a charge without the action of the municipal authorities, such as the salaries of officers fixed by law, jurors' fees, or other like charges. The amounts claimed for assistants, stenographers, clerks and investigators and for miscellaneous expenses are unliquidated demands, which must be audited by the county board or for which a judgment must be recovered against the county before the writ of *mandamus* can be awarded for the payment of them.    *Writ denied.*