MISSOURI-KANSAS CHEMICAL CORPORATION, a Corporation, Appellant, v. NEW MADRID COUNTY, a Municipal Corporation, and S. J. HARRIS.—139 S. W. (2d) 547.

Division Two, May 4, 1940.

*Sharp & Sharp* for appellant.

1168

*R. F. Baynes* for S. J. Harris.

BOHLING, C.—S. J. Harris, as sheriff of New Madrid county, gave orders in 1934, 1935 and 1936 to the Missouri-Kansas Chemical Corporation, a corporation, for approximately $520 worth of disinfectant, etc., for use and needed, in part at least, at the county jail. Supplies not used were left at the jail upon the expiration of his term of office. New Madrid county paid $200 on the account, refused to pay the balance, and plaintiff sued the county and the sheriff therefor. Plaintiff appeals from a judgment following directed verdicts for each defendant.

County jails are to be kept in good and sufficient condition (Sec. 8524, R. S. 1929, Mo. Stat. Ann., p. 6243), and the sheriff of the county has the custody, rule, keeping and charge of the jail (Sec. 8526, Ibid.) Construing said sections, Kansas City Sanitary Co. v. Laclede County (Banc, 1925), 307 Mo. 10, 17, 269 S. W. 395, 398[9, 10], relied upon by plaintiff, held a sheriff had authority to purchase the necessary supplies to keep the jail in good and sufficient condition and needed no authorization from the county court to render his county liable for necessary purchases for such purposes.

But, in 1933 the General Assembly enacted the "county budget law" (Laws 1933, pp. 340 et seq.), which provides for an annual budget presenting a complete financial plan for the ensuing year. We refer to some, not necessarily all, of its provisions influencing our conclusions. Section 1 makes Secs. 1 to 8 inclusive, thereof applicable to counties having 50,000 inhabitants or less and

requires the preparation of an annual budget of estimated receipts and expenditures by the respective county courts. Section 2 provides a classification for proposed expenditures. Section 3 makes it the duty of every officer claiming any payment for supplies to "submit an itemized statement of the supplies he will require for his office." Section 4 requires the county court to balance its estimated budget. Section 5 requires the county court to show the estimated expenditures by specified classes. Sections 6 and 7 require officers expecting to receive supplies to be paid for from county funds to submit certain specified information, estimates, et cetera., including the separate listing of each item of supplies. Section 8 requires the county court to go over, revise and amend the estimates to promote efficiency and economy, the public interest and to balance the budget; requires the recording and filing of certified copies of the revised estimate, and also provides: "Any order of the county court of any county authorizing and/or directing the issuance of any warrant contrary to any provision of this act shall be void and of no binding force or effect. . . ." Section 9 provides that Secs. 9 to 20, inclusive, apply to counties having more than 50,000 inhabitants. Section 22 repeals all laws or parts of law insofar as they conflict with the county budget law.

New Madrid county has less than 50,000 inhabitants. It is admitted of record that the budget of New Madrid county for 1934, 1935 and 1936 for the purchase of disinfectant, etc., for the county jail, with the exception of the $200 paid on account, had been exhausted at the time the several respective purchases here involved were made and that the balance sued for consists of items purchased in excess of the budget allowances therefor in the respective years. Plaintiff's representative testified he had been informed the budget "was low," and, as we read the record, some statements were dated as of the year following the actual delivery of the supplies. On the record made any order of the county court seeking to effect the payment of the balance due, under the quoted provision of Sec. 8, supra, would be void and of no binding force and effect. Now, absent exceptional circumstances, a sheriff's authority to obligate his county is restricted to his budget allowances. The directed verdict for the county was proper. Consult Traub v. Buchanan County, 341 Mo. 727, 731[3], 108 S. W. (2d) 340, 342[3]; Carter-Waters Corp. v. Buchanan County (Mo.), 129 S. W. (2d) 914[2].

Section 20 of the county budget law provides, in part, that "any officer purchasing any supplies . . . shall be liable personally . . . for the amount of any obligation he may incur against the county without first securing the proper certificate from the accounting officer." Plaintiff says this section renders defendant Harris liable. As stated, New Madrid is a county of less than 50,000 inhab-

1170

itants. Section 20 applies to counties of more than 50,000 inhabitants. [See Sec. 9, mentioned supra.] The point is ruled against plaintiff.

Other reasons may exist for our conclusions; but the foregoing disposes of the issues presented.

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.