HOMER RINEHART v. HOWELL COUNTY, Appellant.—153 S. W. (2d) 381.

Division Two, July 25, 1941.

*M. K. McMurtrey* and *Robert L. Hyder* for appellant.

*Wm. D. Roberts* and *H. D. Green* for respondent.

422

BOHLING, C.—This is an action by Homer Rinehart against Howell County, Missouri, for reimbursement of reasonable sums paid for necessary stenographic services incurred in the discharge of his official duties as prosecuting attorney of said county. Howell County appealed from an adverse judgment for $120.

The record does not sustain appellant's contention that the judgment for $120 may not stand on the theory respondent asked for only $30. According to appellant's abstract reimbursement for an expenditure of only $30, covering the month of January, 1939, was involved. However, respondent's additional abstract discloses that another action involving $90, covering reimbursements for like expenditures in the months of February, March and April, 1939, also was pending and that the circuit court, by order, consolidated the causes for the purposes of trial and judgment.

Appellant says respondent may not prevail because he failed to allege or prove that the items had been provided for in the county's budget under the County Budget Law (Laws 1933, p. 340, Secs. 1-8, as amended, Mo. Stat. Ann., p. 6434, Secs. 12126a-h; Secs. 10910-10917, R. S. 1939). Howell County has less than 50,000 inhabitants. Upon appeal from the county to the circuit court, the action was triable de novo. [Sec. 2490, R. S. 1939, Mo. Stat. Ann., p. 2661, Sec. 2088.] Upon trial in the circuit court the only evidence offered was by respondent; the County Budget Law was not interposed in defense, and there was no showing with respect to the budgeting or non-budgeting of said item. Appellant points to no provision of the County Budget Law making allowance for the payment of a probable item of expense in a county's budget a condition precedent to the institution of suit on the item. Missouri-Kansas Chemical Corp. v. New Madrid

County, 345 Mo. 1167, 1169, 139 S. W. (2d) 457, 458[1, 2], the only case cited by appellant, does not so hold. In Traub v. Buchanan County, 341 Mo. 727, 730, 108 S. W. (2d) 340, 341[1], the county pleaded the applicable provisions of said law in defense. [Consult also Gill v. Buchanan County, 346 Mo. 599, 142 S. W. (2d) 665.] Appellant has not discharged its burden of establishing reversible error upon appeal in this respect.

So far as presented for review, the record, viewed in the light of the judgment for respondent, is to be considered as establishing that the expenditures for which respondent asked reimbursement were for indispensable outlays for stenographic services incurred in the discharge of his official duties. Appellant offered no evidence and its brief does not question the probative value of respondent's testimony tending to establish said fact. The case is to be distinguished from cases announcing the rule that officials may not receive compensation in addition to that authorized by law. [Maxwell v. Andrew County, 347 Mo. 156, 146 S. W. (2d) 621 [11-14]; Smith v. Pettis County, 345 Mo. 839, 844[2], 136 S. W. (2d) 282, 285[4], and cases cited; Humiston v. Shaffer, 145 Cal. 195, 78 Pac. 651; People v. Cook County, 274 Ill. 158, 113 N. E. 58; Board of Commissioners v. Trowbridge, 42 Colo. 449, 95 Pac. 554.] Maxwell v. Andrew County, supra, involved, sufficient for the purposes here, charges asserted against the county by Maxwell, as sheriff, for the use of his automobile "on calls." Maxwell testified he attempted to keep the charges within $75 a month. There was no attempt to justify them on the basis of actual outlays bona fide expended or even mileage. This resulted in the case being discussed on the theory said officer sought compensation in addition to that specifically provided by law. We also mention that the General Assembly had specified the instances in which compensation to said sheriff for mileage was allowable and, so far as there involved, in Sec. 13415, R. S. 1939, Mo. Stat. Ann., p. 7017, Sec. 11793, had expressly prohibited "fees for any other services than those in the two preceding sections enumerated." Nodaway County v. Kidder, 344 Mo. 794, 129 S. W. (2d) 857, likewise involved income and did not involve bona fide outlays. The instant case was submitted on the theory, as disclosed by the stipulated facts and undisputed testimony, that the outlays, as contradistinguished from income, were bona fide, reasonable and actual expenditures for indispensable expenses of the office by respondent (not on the theory that compensation to an officer was involved) and falls within the ruling in Ewing v. Vernon County, 216 Mo. 681, 695, 116 S. W. 518, 522(b). That case quoted with approval ▆ a passage from 23 Am. and Eng. Ency. Law (2 Ed.) 388, to the effect that prohibitions against increasing the compensation of officers do not apply to expenses for fuel, clerk hire, stationery, lights and other office accessories and held a recorder entitled to reimbursement for outlays for

necessary janitor service and stamps, stating: "Fees are the *income* of an office. Outlays inherently differ. An officer's pocket in no way resembles the widow's cruse of oil. Therefore, those statutes relating to fees, to an income, and the decisions of this court strictly construing those statutes, have nothing to do with this case relating to outgo."

Appellant points out that, by Secs. 13514, 13467, 12952, and 12979, R. S. 1939 (Mo. Stat. Ann., p. 7056, Sec. 11875, p. 7042, Sec. 11835, p. 606, Sec. 11326, and p. 613, Sec. 11353), the General Assembly authorized and established salaries for stenographic services to prosecuting attorneys in the larger counties of the State, did not provide for like services in counties of the population of Howell County, and contends for the application of the maxim *expressio unius est exclusio alterius*. The duties of a prosecuting attorney are many and varied. He, among other things in addition to the prosecution of criminal actions, represents the State and county in all civil cases in his county, represents generally the county in all matters of law, investigates claims against the county, draws contracts relating to the business of the county, gives legal opinions in matters of law in which the county is interested, et cetera. [Sections 12942, 12944, 12945, 12947, R. S. 1939, Mo. Stat. Ann., pp. 600, 602, 603, 604, Secs. 11316, 11318, 11319, 11321.] The legal aspect of the instant contention differs from that ordinarily encountered. Our Constitution, Art. 6, Sec. 36, provides: "In each county there shall be a county court, which shall be a court of record, and shall have jurisdiction to transact all county and such other business as may be prescribed by law." In State ex rel. v. McElroy, 309 Mo. 595, 608(II), 274 S. W. 749, 751[1], we construed said provision to authorize county courts to transact *all* county business and such other business as may be added to their jurisdiction by law.

Appellant's statutory citations constitute legislative recognition of the propriety of expenditures for stenographic services in the discharge of the present-day duties of prosecuting attorneys in the communities affected—an approved advance in proper instances for the administration of the laws by county officials and the business affairs of the county and for the general welfare of the public. Such enactments, in view of the constitutional grant to county courts, should be construed as relieving the county courts in the specified communities from determining the necessity therefor and, by way of a negative pregnant, as recognizing the right of county courts to provide stenographic services to prosecuting attorneys in other counties when and if indispensable to the transaction of the business of the county, and not as favoring the citizens of the larger communities to the absolute exclusion of the citizens of the smaller communities in the prosecuting attorney's protection of the interests of the State, the county and the public. [See the reasoning in Ewing v. Vernon County, 216 Mo.

l. c. 693, 116 S. W. l. c. 522.] Consult Harkreader v. Vernon County, 216 Mo. 696, 116 S. W. 523, involving reimbursement to a sheriff of expenditures for water, gas, janitor service and stamps; Buchanan v. Ralls County, 283 Mo. 10, 222 S. W. 1002. Additional reasons sustaining the judgment nisi may be found in the cases cited.

The foregoing disposes of the points briefed by the appellant. The result might differ under live issues involving the County Budget Law, lawful action by the General Assembly covering the subject matter in said county, nonarbitrary action by the County Court, or the substantialness of the testimony as to the absolute necessity for the services.

Let respondent's motion to dismiss be overruled without a discussion of its merits.

The judgment should be affirmed upon the record presented. It is so ordered. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.