MISSOURI-KANSAS CHEMICAL COMPANY, Plaintiff-Appellant, v. CHRISTIAN COUNTY, Defendant-Appellant.—No 38927.—180 S. W. (2d) 735.

Division One, June 5, 1944.

*Franklin P. Brewster, Jr.,* for plaintiff-appellant.

*Gordon J. Massey* for defendant-appellant.

 DOUGLAS, J.—Plaintiff, chemical company, sued Christian County for $616.34 for soap and disinfectant sold to the county for use in the court house and alms house. It recovered judgment for $283.31. No findings of fact or conclusions of law were given but the county states the amount of the judgment was determined by the sum in the county budget available for the purchase of these materials. Both parties have appealed.

██ The chemical company contends it is entitled to judgment for the full amount because the county budget law does not affect its transactions with Christian County. That county is one of less than 50,000 inhabitants. Only Sections 10910 to 10917 inclusive R. S. 1939 of the budget law apply to such counties. It claims that Section 10932 which invalidates contracts made in violation of the county budget law does not apply to counties of this class.

The same contention was raised in Missouri-Kansas Chemical Corporation v. New Madrid County, 345 Mo. 1167, 139 S. W. (2d) 457.

There we held that any payment ordered by the county court of a county of less than 50,000 inhabitants, when there was no balance budgeted with which to make payment, would be void under the provisions of Section 10917 applicable to such county. Therefore, it was of no consequence whether Section 10932 was applicable or not.

■ The county contends that although the materials were received there was no valid contract for their purchase. The materials were delivered under six separate written orders covering a period of sixteen months. One of the orders was signed by the presiding judge of the county court, the other five were signed by the court house janitor. The presiding judge testified the county court attempted to adopt a rule "that all purchases by the janitor should be talked over with the court as they were short of funds." Section 13766 authorizes the county court by an order made of record to appoint an agent to make any authorized contract on behalf of the county. The county clerk testified there was no record authorizing the janitor or any one else to buy these supplies. Under the circumstances the janitor was not the agent of the county and his purchases did not bind the county. The same is true of the presiding judge. He likewise was not the agent of the county, nor did he have authority in his individual capacity as presiding judge to make a contract on behalf of the county. A county court performs its functions as a constituted body. Its three members acting individually have no power to obligate the county. Carter v. Reynolds County, 315 Mo. 1233, 288 S. W. 48. It is not contended that the presiding judge was acting under authority of Section 2493 which provides: "A majority of the judges of the county court shall constitute a quorum to do business; a single member may adjourn from day to day, and require the attendance of those absent, and when but two judges are sitting and they shall disagree in any matter submitted to them, the decision of the presiding judge at the time being, to be designated by the clerk of such court, shall stand as the judgment of the court."

■ There is no record of the county court authorizing the purchase of the materials. A county court is a court of record and speaks only through its records; verbal understandings with county judges are not valid. Boatright v. Saline County, 350 Mo. 945, 169 S. W. (2d) 371; Carter-Waters Corporation v. Buchanan County (Mo.), 129 S. W. (2d) 914 and cases cited.

■ Even though the county court made no record authorizing the purchase, the chemical company claims it is entitled to recover under Section 13768, which is: "If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in

making such contract, have pursued the form of proceedings prescribed by law.''

This court has held that this section applies only where the parties have not followed the required form of procedure in executing a contract and that it affords no relief where the parties have failed to follow the conditions imposed upon the making of a contract. Scott v. St. Louis County, 341 Mo. 1084, 111 S. W. (2d) 186; Hillside Security Co. v. Minter et al., 300 Mo. 380, 254 S. W. 188.

The terms of the statute referring to a contract made with ''the county authorities, or with any agent of the county lawfully authorized'' do not permit recovery ▮▮▮ on the orders signed by the presiding judge or the court house janitor because neither was authorized to make a contract. We have held that this section does not give the claimant a right to recover where he has performed under a contract with a county official if such official is not authorized by law to make the contract. Bryson v. Johnson County, 100 Mo. 76, 13 S. W. 239.

The case of Kansas City Sanitary Co. v. Laclede County, 307 Mo. 10, 269 S. W. 395 excludes from its ruling goods sold for use at the court house and alms farm. It is no support of the instant claim.

The judgment is reversed. All concur.