ELKINS-SWYERS OFFICE EQUIPMENT COMPANY, a Corporation, Appellant, v. COUNTY OF MONITEAU, a Political Subdivision of the State of Missouri.—No. 40556.—209 S. W. (2d) 127.

Division Two, March 8, 1948.

*Roy L. Kay* and *L. P. Embry* for appellant.

*Frank J. Quigley* and *Gallagher & Gates* for respondent.

[128] BOHLING, C.—Elkins-Swyers Office Equipment Company, a corporation, seeks to recover from the County of Moniteau, a political subdivision of the State of Missouri, $663.01 for the rebinding of specified deed record and circuit court record books in the office of the Circuit Clerk and Recorder of Moniteau county, Missouri. The stipulation filed of record discloses: The bindings on the records here involved were aged, worn, and in a bad state of preservation. Their rebinding was had at the special instance and request of the Circuit Clerk and Recorder of Moniteau county, Missouri, in 1944, and without the knowledge or consent of the County Court or the Circuit Court of Moniteau county, Missouri, and, consequently, without any order or orders of either of said courts as provided by Secs. 3633 and 3635, R. S. 1939.[1] The rebinding was also had without

[1]Statutory citations refer to Missouri Revised Statutes of 1939 unless otherwise specifically stated.

the said Circuit Clerk and Recorder asking and obtaining the proper estimate and budget therefor under Ch. 73, Art. 2, R. S. 1939, as amended by Laws 1941, pp. 649-653. Said records are now in the custody of said Circuit Clerk and Recorder and in public use. The charges made are reasonable, but payment was refused by the County Court and has never been made. It was also stipulated that at the end of said year 1944 the following balances remained in the county revenue after the payment of all outstanding accounts: Class 1 $868.11; Class 2 $12.33; Class 3 $49.19; Class 4 $355.49; Class 5 $33.75; Class 6 $1913.59. Thus, there remained in Class 6 of defendant county's budget more than enough to pay for the rebinding.

Plaintiff appeals from an adverse judgment and to justify a recovery contends that in the circumstances of the instant case its claim was not required to be budgeted under the County Budget Law and also seeks to invoke and apply certain constitutional provisions, particularly the inhibition against the taking of private property for public use without just compensation.

The records involved are required to be kept. (Consult Secs. 1990 and 13148.) Each clerk of courts of record ". . . shall provide and preserve suitable books . . . for his office, and keep a correct account thereof; and each court shall audit such accounts, and allow such as shall be reasonable . . . " (Sec. 13291.) Article VI, Sec. 36, Mo. Const. of 1875, made the respective county courts "a court of record" with "jurisdiction to transact all county and such other business as may be prescribed by law." State ex rel. v. McElroy, [129] 309 Mo. 595, 274 S. W. 749. They, whenever deemed necessary, "have power to order any of the books or records in or belonging to the office of recorder of deeds of such county to be rebound . . . " (Sec. 3635); and judges of courts of record "have power to order any of the books or records in the clerk's offices of their respective courts to be rebound . . . " (Sec. 3633). County courts have the control and management of the property, real and personal, of their respective counties and are vested with authority to audit, adjust and settle accounts against their respective counties and to order payment and issue warrants for the payment of moneys due from the county. (Consult Secs. 2480, 13768, 13824, 13825, 13831, 13832 among others.)

The County Budget Law provides for the classification of proposed expenditures by the counties into six classes and the priority of their payment. (Secs. 10910, 10911, 10914.) It (Laws 1933, p. 340 et seq., Secs. 10910-10935), among other things, expressly provided: "All laws or parts of laws . . . in so far as they conflict are hereby repealed." (Laws 1933, p. 351, sec. 22.)[2]

_____

[2]See Laws 1939, p. 481, sec. 687, re omission of Sec. 22 from Revised Statutes of 1939.

Plaintiff contends, with respect to the County Budget Law, that the items here involved classify under Class 6 of that law, or in the event they do not so classify that Class 6, by the broad scope of its language, covers items which classify and should have been but inadvertently were not budgeted under one of the other five classifications; and that items within Class 6 are not required to be budgeted and payment of such items may be enforced where, as here, it is established that ample funds are on hand at the close of the year in Class 6 to make payment. Plaintiff argues that a creditor holding a Class 6 unbudgeted claim against a county only takes the risk of claims within the other classifications consuming all of the available revenue for the year.

Only Classes 4 and 6 of Sec. 10911 as reenacted by Laws 1941, p. 650, which provides for the classification of the proposed expenditures, are of importance here. Without so ruling, we proceed on plaintiff's theory that the items involved classify under Class 6 and not Class 4, which explicitly includes office supplies for current use and of an expendable nature while placing "furniture, office . . . equipment of whatever kind" in Class 6. Section 10911, insofar as then material, reads: "The court shall classify proposed expenditures in the following order: . . .

"Class 6: After having provided for the five classes of expenses heretofore specified, the county court may expend any balance for any lawful purpose: *Provided, however,* that the county court shall not incur any expense under class six unless there is actually on hand in cash funds sufficient to pay all claims provided for in preceding classes together with any expense incurred under class six: *Provided,* that if there be outstanding warrants constituting legal obligations such warrants shall first be paid before any expenditure is authorized under class 6."

Section 10912 requires a county official, on or before January 15, to furnish the clerk of the county court "an itemized statement of the estimated amount required for the payment of all salaries or any other expense for personal service of whatever kind during the current year . . . , also he shall submit an itemized statement of the supplies he will require for his office, separating those which are payable under class 4 and class 6. . . . No officer shall receive any salary or allowance for supplies until all the information required by this section shall have been furnished. . . . " Consult also Secs. 10915, 10916.

Section 10913 requires the clerk of the county court to spread of record by February 1st of each year certain information and estimates therein specified and, after providing for the deduction of 10% under "estimated receipts" for delinquent taxes, "to get the net amount estimated for purposes of budget," requires the county court to "balance its estimated budget for the year for the first five

classes on the net estimate. If any expenditure under class six is anticipated the budget (so far as expenditure under class six is concerned) must be balanced on the actual cash on hand and not on estimated revenue.''

[130] Section 10914 as reenacted by Laws 1941, p. 652, requires the county court to ''show the estimated expenditures for the year by classes,'' and, sufficient for the purposes of the instant case, specifically provides: ''Class 6. Amount available for all other expenses after all prior classes have been provided for. . . . No expense shall be allowed under class six if any warrant drawn will go to protest: . . . Nor may any warrant be drawn or any obligation be incurred in class six until all outstanding lawful warrants for prior years shall have been paid. The court shall show on the budget estimate the purpose for which any funds anticipated as available in this class shall be used.''

Section 10917 requires the county court to review the estimates and revise, amend, alter or change ''any estimate as public interest may require and to balance the budget . . .'' The budget thus revised is to be entered and approved of record and the county clerk is required to file certified copies thereof with the county treasurer and state auditor; and: ''Any order of the county court of any county authorizing and/or directing the issuance of any warrant contrary to any provision of this law shall be void and of no binding force or effect . . .''

From all the provisions of the County Budget Law, we hold the items of the instant case, although within Class 6, should have been budgeted to enforce payment by the County. The requirement of Sec. 10912 that an official ''submit an itemized statement of the supplies he will require for his office, separating those which are payable under class 4 and class 6'' does not exempt items falling within Class 6 from being budgeted. The authorization of the expenditure of any balance remaining after providing for the first five classes ''for any lawful purpose'' under Class 6, Sec. 10911, contains no provision exempting such ''lawful'' items from the budget. The itemized statement under Sec. 10912 of office supplies required by a county official must separate ''those which are payable under class 4 and class 6'' and while Sec. 10911, Class 4, includes office supplies for current use and of an expendable nature, it specifically provides: ''Furniture, office machines and equipment of whatever kind shall be listed under class six.'' How may a Class 6 expenditure be ''balanced on the actual cash on hand'' as required by Sec. 10913 if not known? Again, under Sec. 10914, Class 6: ''The court shall show on the budget estimate the purpose for which any funds anticipated as available in this class shall be used.'' Office supplies of a permanent nature are generally more expensive and of greater importance than office supplies of a current and expendable nature; and there is greater

reason for budgeting the permanent and more expensive items than items within Class 4 if the expenditures are to be kept within the estimated revenue and the budget balanced as the law contemplates. Consult Sec. 10917; Missouri-Kansas Chemical Corporation v. New Madrid County, 345 Mo. 1167, 139 S. W. 2d 457; Carter-Waters Corporation v. Buchanan County (Mo.), 129 S. W. 2d 914; Missouri-Kansas Chemical Corporation v. Christian County, 352 Mo. 1087; 180 S. W. 2d 735; State ex rel. Ginger v. Palmer (Mo.), 198 S. W. 2d 10. The County Budget Law was not a live issue in Rinehart v. Howell County, 348 Mo. 421, 153 S. W. 2d 381.

Plaintiff claims its constitutional rights have been violated in that, the records being in public use, plaintiff's private property has been taken for public use without the payment of just compensation in violation of Sec. 21, Art. II, of the constitution of Missouri of 1875, and Amendment V of the constitution of the United States; and that a contrary holding results in the denial of a certain remedy for every injury in contravention of Sec. 10, Art. II, Mo. Const. 1875. There are several reasons for disallowing the point.

It is said to have been decided many times that the provision here invoked of the Fifth Amendment to the constitution of the United States applies only to the Federal government and not to the states. Fallbrook Irrigation Dist. v. Bradley, 164 U. S. 112, 158, 17 S. Ct. 56, 63, 41 L. Ed. 369, 388. Consult State ex rel. v. Gordon, 268 Mo. 713, 739(V), 188 S. W. 160, 165[7]; U. S. C. A., U. S. Const., Amend. [131] V, p. 291, n. 32; 29 C. J. S., p. 897, sec. 97, n. 70.

Plaintiff seeks compensation out of public funds. The just compensation clause of the Constitution contemplates a lawful taking of private property for public use. Public officials are servants of the public and in the performance of their duties regarding public funds do not deal with their own. Public funds are trust funds and public officials act in a trust capacity with respect thereto, subject to all limitations of whatever nature upon their authority imposed by the public. All persons are charged with knowledge of the laws enacted by the sovereign for the protection of its property and are required to take due notice thereof. Barnard & Co. v. Knox County, 105 Mo. 382, 390, 16 S. W. 917, 920, 13 L. R. A. 244; Donovan v. Kansas City, 352 Mo. 430, 441, 175 S. W. 2d 874, 879; State v. Weatherby, 344 Mo. 848, 855 (III), 129 S. W. 2d 887, 891(III). A broad distinction exists between the acts of a public official and those of the agent of an individual within the apparent scope of the agent's authority. The unauthorized acts of public officials are, and in law are known to be, unauthorized and consequently not binding on the principal, their mistakes being their own and not the mistakes of the sovereign. All this rests in a sound public policy for the protection of the public. A private citizen who acquiesces in and aids and abets unauthorized acts of a public official by voluntarily com-

mingling his private property with property of the public cannot successfully invoke the just compensation clause of the constitution because there has been no taking of private property for public use by the sovereign. Hooe v. United States,.218 U. S. 322, 31 S. Ct. 85, 54 L. Ed. 1055; Ketchum v. Monett, 193 Mo. App. 529, 533, 181 S. W. 1064, 1065[1]; Ontario Knitting. Co. v. State, 131 N. Y. S. 918, 147 App. Div. 316, affirming 125 N. Y. S. 57, 69 Misc. 145; Blackman v. City of Cincinnati, 140 Oh. St. 25, 42 N. E. 2d 158; Craig v. Sebastian County Greenwood Dist., 91 Ark. 274, 121 S. W. 280; 29 C. J. S., p. 900, n. 90. Consult Donovan v. Kansas City, 352 Mo. 430, 450[7], 179 S. W. 2d 108, modifying 352 Mo. l. c. 449[6], 175 S. W. 2d l. c. 884[20].

Section 48 of Art. IV, Mo. Const. 1875, provides that: "The General Assembly shall have no power to . . . authorize the payment of any claim hereafter created against . . . any county . . . under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void." Section 3349 provides: "No county, city . . . shall make any contract, unless the same shall . . . be expressly authorized by law . . . ; and such contract, including the consideration, shall be in writing . . . " et cetera. Under the foregoing provisions contracts with the named political subdivisions, absent the prescribed writing, have been held void and performance by the other party ineffectual to create legal liability on the political subdivision on the theory of ratification, estoppel or implied contract. Carter v. Reynolds County, 315 Mo. 1233, 1238, 288 S. W. 48, 50[6]; Kansas City v. Rathford, 353 Mo. 1130, 1140[4], 186 S. W. 2d 570, 574[5-8]; Donovan v. Kansas City, 352 Mo. 430, 445, 175 S. W. 2d 874, 879[6, 7], 881 [10, 11]; Missouri-Kansas Chemical Co. v. Christian County, 352 Mo. 1087, 180 S. W. 2d 735; Annotations, 84 A. L. R. 979, 27 L. R. A. (N. S.) 1120.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Ellison, J.,* and *Leedy, P. J.,* concur; *Tipton, J.,* concurs in result.