FILED 53
Mr. Jerome E. Brant County Counselor, Clay County 17 East Kansas Liberty, Missouri 64068
Dear Mr. Brant:
This is in response to your request for an opinion from this office as follows:
 "May the County Court employ personnel, such as secretarial, clerical and administrative and establish a Data Processing Department under its control and employ personnel to staff that department?
 "The County Court of Clay County, Missouri has of now employed secretarial, clerical and administrative assistants which have been hired and paid for out of federal government CETA funds. Clay County also has a Data Processing Department under the jurisdiction of the county court.
 "There has been some question raised as to whether or not the county court has any authority to hire any personnel not expressly set forth in the statutes.
 "Some are of the opinion that such employees should be under the office of the County Clerk.
 "Clay County is now a first class county without a charter form of government and a county which is rapidly growing and changing from rural to urban in nature."
The question you have submitted concerns the authority of the County Court of Clay County, a first class county without a charter form of government, to employ personnel, such as secretarial, clerical and administrative, and to establish a data processing department under the control of the county court. We also understand that the duties of such personnel are routine clerical duties not now either expressly or impliedly vested by law in the county clerk or any other county officer.
Article VI, Section 7, Constitution of Missouri, provides as follows:
 "In each county not framing and adopting its own charter or adopting an alternative form of county government, there shall be elected a county court of three members which shall manage all county business as prescribed by law, and keep an accurate record of its proceedings. The voters of any county may reduce the number of members to one or two as provided by law."
In compliance with this constitutional provision, the legislature has enacted Section 49.270, RSMo, which provides as follows:
 "The said court shall have control and management of the property, real and personal, belonging to the county, and shall have power and authority to purchase, lease or receive by donation any property, real or personal, for the use and benefit of the county; to sell and cause to be conveyed any real estate, goods or chattels belonging to the county, appropriating the proceeds of such sale to the use of the same, and to audit and settle all demands against the county."
We find no express authority for the county court to hire secretarial or clerical and administrative personnel or to establish a data processing department under its control and to employ personnel to staff that department. However, we note that the Supreme Court of Missouri in interpreting Section 49.270, above quoted, held in Aslin v. Stoddard County, 106 S.W.2d 472 (Mo. 1937), that the express authority and duty of the county court under that section carries with it the necessarily implied authority to employ such labor and service as may reasonably be requisite in order to effectuate express power grants. The court concluded that the county court, therefore, had authority to employ a janitor to whom no attempt was made to delegate governmental or other such functions which involve matters of discretion to be exercised solely by the county court.
Further, we note in Rinehart v. Howell County, 153 S.W.2d 381
(Mo. 1941), the Supreme Court of Missouri held that a prosecuting attorney, even in the absence of express authority and despite the fact that other statutory provisions existed for the hiring of stenographic services for prosecutors in larger counties, was entitled to reimbursement for reasonable sums paid for necessary stenographic services incurred in the discharge of his official duties as prosecuting attorney. Notably, that case was submitted on the theory, as disclosed by the stipulated facts and undisputed testimony, that the outlays were bona fide, reasonable, and actual expenditures for indispensable expenses of the office by the prosecuting attorney.
The legislature has required the county clerk to keep the record of the orders, rules, and proceedings of the county court but has not required the county clerk to perform all secretarial and clerical work for the county court. See Section 51.120, RSMo. It is our view that it is within the competence of the legislature to regulate the employment of secretarial, clerical, and administrative personnel by the county court and, if the legislature so determines, to place such specific duties in the county clerk. The views we express are premised on the basis that there is no statute which purports to authorize the county clerk either expressly or by inference to perform the general secretarial, clerical, or administrative functions which the county court intends to hire personnel to perform.
We conclude from the authority cited that the county court has authority to hire personnel indispensably necessary to perform functions of the county court. Further, it should be clear that the county court does not have the power to delegate to such personnel any of the authority which is vested in it by law.
Finally, we wish to point out, with respect to the data processing and other similar equipment which is to be used by, or on behalf of, county officers, that it would be entirely impractical for the court to duplicate either the physical equipment, the maintenance or operation of the equipment for each separate county office. In this respect, the county court has the duty under Section49.510, RSMo, of furnishing equipment, material, and the like for county offices. In our view, the county court may properly discharge its duty of furnishing such sophisticated equipment as is proper and necessary for the discharge of its own duties and the duties of other county officers by following the financially sound procedure of centralizing the equipment and personnel necessary for the operation and maintenance of the equipment under the direct jurisdiction of the county court.
Finally, we are aware of the case of Alexander v. StoddardCounty, 210 S.W.2d 107 (Mo. 1948), in which the Missouri Supreme Court held that a treasurer and ex-officio collector was not entitled to recover from the county's general revenue account an amount expended by him for the salary of a deputy hired by him. However, that case is distinguishable from the Howell County case, above, because the source of such deputy's pay was from fees and commissions earned and collected and not from general revenue.
CONCLUSION
Therefore, it is the opinion of this office that a county court has authority to employ secretarial, clerical, and administrative personnel, to establish a data processing department under its control, and to employ personnel to staff that department as may be indispensably necessary for the discharge of the duties of the county court in the management of county business in the absence of a statutory provision vesting the functions to be performed by such personnel in the county clerk or some other county officer.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General