FILED 85
Mr. W. Dale Burke Prosecuting Attorney Barry County Courthouse Cassville, Missouri 65625
Dear Mr. Burke:
This letter is in answer to your recent opinion request asking:
 "Whether the County Court, in a third class county, is authorized to terminate the position of Prosecutors criminal investigator, partially funded by the Missouri Council on Criminal Justice, by cutting the Prosecuting Attorney's budget after full funding for the position has been approved in said budget by the Court subsequent to budget hearings in February as provided by statute."
We find no express statutory authority authorizing the prosecuting attorney of a third class county to be furnished an investigator to be paid for out of public funds. However, if the county court determines that as a matter of fact there is a necessity for the furnishing of an investigator for the prosecuting attorney's office, we believe that such an expenditure of public funds is authorized. The fact that investigators are authorized for some other classes of counties in Missouri does not prevent the providing of an investigator for a third class county prosecuting attorney's office even in the absence of a statute authorizing the hiring of an investigator in such a county.
In the case of Rinehart v. Howell County, 153 S.W.2d 381
(Mo. 1941) the Supreme Court of Missouri held that where a county court had determined that the furnishing of secretarial services for a prosecuting attorney in a third class county was indispensably necessary to the transaction of the business of said office, the fact that secretarial service was authorized by statute for first and second class counties did not prevent the payment for such secretarial services for the prosecuting attorney of a third class county.
The court said, l.c. 383:
 "Appellant points out that, by Secs. 13514, 13467, 12952, and 12979, R.S. 1939, Mo.St.Ann. p. 7056, Sec. 11875, p. 7042, Sec. 11835, p. 606, Sec. 11326, and p. 613, Sec. 11353, the General Assembly authorized and established salaries for stenographic services to prosecuting attorneys in the larger counties of the State, did not provide for like services in counties of the population of Howell county, and contends for the application of the maxim expressio unius est exclusio alterius. . . .
 "Appellant's statutory citations constitute legislative recognition of the propriety of expenditures for stenographic services in the discharge of the present-day duties of prosecuting attorneys in the communities affected — an approved advance in proper instances for the administration of the laws by county officials and the business affairs of the county and for the general welfare of the public. Such enactments, in view of the constitutional grant to county courts, should be construed as relieving the county courts in the specified communities from determining the necessity therefor and, by way of a negative pregnant, as recognizing the right of county courts to provide stenographic services to prosecuting attorneys in other counties when and if indispensable to the transaction of the business of the county, and not as favoring the citizens of the larger communities to the absolute exclusion of the citizens of the smaller communities in the prosecuting attorney's protection of the interests of the state, the county and the public. . . ."
You state in your opinion request that the county court did authorize the expenditure of county funds for an investigator for the prosecuting attorney's office during the years 1974 and 1975, and included in its budget for 1976, provision for payment of county funds for such investigator. You further state that payments have been made for such investigator out of county funds during the year of 1976, but that the county court made an order purportedly stating that no further payment would be made to the prosecuting attorney's investigator after April 1, 1976.
It appears, therefore, that since the county court does have authority to provide for an investigator for the prosecuting attorney's office in third class counties and since the county court in this instance provided in the 1976 budget for the payment of an investigator for the prosecuting attorney's office, the question is whether or not the county court has authority to amend its budget during the 1976 budget year by refusing to pay out of budgeted county funds for an investigator for the prosecuting attorney's office.
We believe that this question is answered by the enclosed Opinion No. 41, rendered March 17, 1944, to W. A. Holloway, and Opinion No. 346, rendered November 6, 1964, to Virgil Conkling.
Very truly yours,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 41 3/17/44, Holloway
 Op. No. 346 11/6/64, Conkling