Dear Mr. Pruett:
This letter is in response to your request for an opinion of this office asking whether a third class county sheriff is entitled to reimbursement for transportation expense incurred in transporting prisoners to the penitentiary under § 57.290
(4) or § 57.430, RSMo, and also asking whether a guard, either a deputy sheriff or otherwise, is entitled to reimbursement under either of these sections. You also ask about reimbursement of the expense of feeding the prisoner while en route.
We are enclosing several prior opinions of this office, listed below, with respect to your question which are self-explanatory.
We note that § 57.290 was amended by House Bill No. 148 of the 80th General Assembly and § 57.430 was amended by Senate Bill No. 316 of the 80th General Assembly, although these amendments do not affect our prior interpretations of these sections.
We reaffirm the holdings of these opinions and conclude that § 57.290 is a fee statute, and fees collected under it should be paid into the county treasury. Section 57.430 is a reimbursement statute under which the sheriff and his deputies are paid actual and necessary expenses for each mile traveled in serving warrants or other criminal process not to exceed twenty cents per mile. Section 57.430 is applicable to the transportation of prisoners to the penitentiary and the procedure provided therein must be followed.
With respect to your question concerning reimbursement of a deputy sheriff or a sheriff for expense incurred for feeding a prisoner while en route, our review of this subject leads us to conclude that such expense reimbursement is not covered by § 57.430 and is not presently covered by the provisions of Chapter 221, RSMo, with respect to jailers. We therefore know of no express statutory authority for such reimbursement. However, we believe that reasonable expenses incurred in the feeding of prisoners while transporting them are expenditures which are reimbursable by the county under the doctrine ofRinehart v. Howell County, 153 S.W.2d 381 (Mo. 1941), because such expenses are clearly necessary and indispensable expenses.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures Att'y Gen. Op. No. 161, Pruett, 11/27/79 Att'y Gen. Op. No. 205, Millan, 6/5/74 Att'y Gen. Op. No. 449, Vaughn, 10/15/69 Att'y Gen. Op. No. 57, Massey, 2/23/50 Att'y Gen. Op. No. 86, Sturgis, 12/20/49 Att'y Gen. Op. No. 221, Gorman, 5/9/68