Dear Ms. Garber:
This is in response to a request from your predecessor for our opinion regarding the following questions:
 1. May a second class county enact an ordinance, such as the one attached as "Exhibit A", under the provisions of Section 260.215.2 or is it limited to enacting rules and regulations by court order under this section?
 2. Would an ordinance, such as the one attached as "Exhibit A", be lawful in that it is for one specific purpose, i.e., limiting the location of landfills, or would such an ordinance have to be more comprehensive, dealing with storage, collection, transportation, processing or disposal of solid wastes?
 3. If an ordinance, such as the one attached as "Exhibit A", was proposed, would it be necessary to follow the procedure outlined in Section 260.215.4 (publication and public hearing) prior to passage?
 4. By enacting an ordinance under Section 260.215.2 and Section 260.215.4 does a second class county remove itself from the exception provided for second class counties in Section 260.215.4 and does it then become responsible for the requirements of Section 260.215.1?
 5. If an ordinance, such as the one attached as "Exhibit A", is passed, is it enforceable against a third class city?
The opinion request makes reference to an ordinance appended thereto. We view the proposed ordinance, in general, to impose a system of regulation on the location of solid waste disposal areas (landfills) in the county which requires that a permit be obtained from the county court prior to location of a landfill. In this opinion we take no view of the validity of the particular provisions of the proposed ordinance, either under Sections 260.200 to260.245 (all statutory references will be to RSMo 1978), or under the Missouri and the United States Constitutions. A regulation controlling the disposal of solid waste is an exercise of the police powers for the protection of the public health and welfare.Craig v. City of Macon, 543 S.W.2d 772 (Mo. banc 1976). A police power measure, to be valid, must be reasonable. Id. Throughout this opinion we assume that your questions regard a reasonable regulation adopted by a second class county concerning the location of landfills within its boundaries. We do not, nor will we, opine on the reasonableness of county regulations.
The facts supplied with the opinion request indicate that the third class city proposes to locate a solid waste disposal site in the unincorporated area of the second class county. Our answers to the questions posed are limited to such a fact situation.
In providing this opinion, we find it convenient to address your second and fourth questions first. We view those two questions as asking whether a second class county may elect, under Section 260.215.4, to confine its regulatory activity to the location of solid waste disposal facilities, or must the county also, if it wishes to regulate solid waste at all, regulate all aspects of solid waste management comprehensively, including storage, collection, transportation, processing and disposal of solid waste, and make provision for solid waste collection and disposal within the county.
In answering this question, a thorough analysis of Section260.215 is required. Subsection 1 of Section 260.215 provides that, except as provided in subsection 4 of that section, each city and county has a duty to provide for the collection and disposal of solid waste within its boundaries and shall be responsible for implementing its solid waste management plan adopted and approved pursuant to Section 260.220. Subsection 1 also provides that cities and counties may acquire equipment, land, buildings and other structures and facilities for the purpose of collecting and disposing of solid waste, and further provides authority to levy service charges and a tax to implement a plan for solid waste management.
Subsection 2 provides that any city or county may adopt ordinances, rules, regulations or standards for the storage, collection, transportation, processing or disposal of solid wastes. These ordinances, rules, regulations and standards must be in conformity with the rules and regulations adopted by the Department of Natural Resources for solid waste management. However, the statute is not to be construed to preempt cities and counties from adopting ordinances and regulations which are more stringent than the rules and regulations promulgated by the department.
Subsection 3 is not relevant to the determination of your question. Subsection 4, in relevant part, provides that nothing in Sections 260.215 and 260.220 applies to specified categories of cities and counties, including unincorporated areas of a second class county. However, an exempted city or county may elect to exercise powers under the statute in accordance with the procedure set out in subsection 4.
A close reading of Section 260.215 reveals that it deals with two functionally distinct subjects: (1) the provision of collection and disposal services by the city or county (subsection 1), and (2) the regulation of other persons or entities which deal with solid waste (subsection 2).
Section 260.215.2, provides in relevant part:
 Any city or county may adopt ordinances, rules, regulations, or standards for the storage, collection, transportation, processing or disposal of solid wastes . . . [Emphasis added.]
Subsection 2 appears to authorize cities and counties to adopt ordinances or regulations dealing with any aspect of solid waste, irrespective of whether such ordinances or regulations are contained within a comprehensive plan for a solid waste management system. Therefore, we view Section 260.215.2 as a separate grant of authority to cities and counties, which stands independent and apart from the authority granted in subsection 1.
Our view in this regard is buttressed by the provisions of Section 260.215.4. That subsection, in dealing with the election to regulate despite the exemptions from Section 260.215 contained therein, specifically sets forth distinct subjects which may be addressed by the exempt city or county. The first of the subjects is the acquisition of equipment, land, buildings and other facilities, the levying of service charges and a tax, and doing all other things necessary to provide for a solid waste management system, as provided in Section 260.215.1. The second is the adoption of ordinances, rules, regulations or standards as provided in Section260.215.2. In addition, authorization to contract as provided in Section 260.215.3 is granted.
Each of these three areas of concern set forth in Section260.215.4 is separated from the others by a semicolon. The separate treatment of the subjects of subsections 1, 2 and 3 in Section260.215.4 evidences a legislative intent that each of these subjects is to stand independently. We believe that the legislature has expressed an intent that an exempt city or county may elect to exercise the powers granted in Section 260.215.2, without also assuming the responsibilities imposed by Section 260.215.1.
In answering your first question, we must look to the statutes authorizing the county court to take action. Except for the constitutional authority given to the county courts to manage the fiscal affairs of the county, such courts may exercise only such powers as are granted by statute or necessarily implied by statute.St. Francois County v. Brookshire, 302 S.W.2d 1 (Mo. 1957). The county court must act in the manner authorized by statute, and in no other. Cf. Schmoll v. Housing Authority of St. Louis County,321 S.W.2d 494 (Mo. 1959).
We find no statute or constitutional provision which sets a uniform method by which a county court is to take action. Many statutes provide that the county court is to take action "by order" or "by order entered of record." See, e.g., Sections 49.265, 49.280,49.290. Other statutes authorize or require county court action without specifying a procedure for such action. See, e.g., Sections49.079, 49.170, 49.273. We have found one statute which provides that the county court may take action by resolution of a majority of the court. See Section 203.140.7. In addition Section 304.130
provides that a first class county may "by order or ordinance" regulate vehicular traffic.
Section 260.215.2, which authorizes the county court of a second class county to regulate the disposal of solid waste, provides that "any city or county may adopt ordinances, rules, regulations or standards. . . ." The statute is clear on its face, authorizing both cities and counties to adopt ordinances, as well as rules, regulations and standards. Although it may be a departure from normal practice for the legislature to authorize a second class county to adopt ordinances, we know of no provision of the Missouri Constitution which prohibits the legislature from granting such authority. Therefore, we conclude that a second class county, if it elects under Section 260.215.4 to regulate the disposal of solid waste, may do so by adoption of an ordinance.
As Section 260.215.2 also authorizes a county court to adopt rules, regulations or standards, we do not believe that the county court is limited to action by ordinance. We believe the difference between an ordinance and a regulation for purposes of Section260.215.2 is one of semantics. There are no statutory formalities for the adoption of an ordinance or regulation by a county, save the general requirements of Section 49.070 respecting quorums and voting by the county court. Further, there appear to be no formal prerequisites for the adoption of a county court order, save Section49.070. In either case, the county court action, to be valid, must be shown in the records of the court, after vote of the court.State ex rel. Walton v. Miller, 297 S.W.2d 611 (Mo.App. 1956);Missouri-Kansas Chemical Company v. Christian County, 180 S.W.2d 735
(Mo. 1944). Therefore, we believe that the county court may exercise its regulatory powers under Section 260.215.2 by compliance with Section 49.070, irrespective of whether the court's action is called an ordinance or a regulation.
In answer to your third question, we believe that Section260.215.4(1) is clear. That subsection, after providing for an exemption from Sections 260.215 and 260.220 for certain classes of cities and counties, continues as follows:
 [P]rovided, however, that any exempted city, village or county, nonetheless, after public hearing held on not less than twenty days' public notice by publishing a copy of the notice in some newspaper qualified to publish legal notices under chapter 493, RSMo, and having a general circulation within the city, village or county once each week for three consecutive weeks, may elect through its governing body . . . .
The statutory prerequisites are clear. An exempt city or county may adopt an ordinance, rule, regulation or standard under Section 260.215.2 only after compliance with the publication and hearing requirements set forth in Section 260.215.4(1).
In answering your fifth question, as in our previous answers, we express no opinion regarding the validity of the specific proposed ordinance appended to your opinion request. We will treat your question as asking whether an ordinance or regulation enacted by a county for the purpose of reasonably regulating the location of landfills within its boundaries applies to a third class city.
Your question concerns a conflict between two political subdivisions in the exercise of their respective statutory police powers. A number of Missouri cases have dealt with such conflicts, several of which you have cited to us. Most of these cases involve conflicts arising from acquisition of property for a public use by one political subdivision and enforcement of zoning regulations by another political subdivision. See State ex rel. St. Louis UnionTrust Company v. Ferriss, 304 S.W.2d 896 (Mo. banc 1957). Stateex rel. Askew v. Kopp, 330 S.W.2d 882 (Mo. 1960); St. Louis Countyv. City of Manchester, 360 S.W.2d 638 (Mo. banc 1962); Appelbaumv. St. Louis County, 451 S.W.2d 107 (Mo. 1970); State ex rel. Cityof Gower v. Gee, 573 S.W.2d 107 (Mo.App. 1978); City of Kirkwood v.City of Sunset Hills, 589 S.W.2d 31 (Mo.App., E.D. 1979).
An examination of the Missouri cases in which conflicts between local governmental entities regarding police power regulation are involved reveals that there is no general rule by which it can be determined which entity's regulations prevail. Instead, the resolution of the question in each case involves a review of the statutes and constitutional provisions to determine the legislature's intent with regard to regulation in the particular matter at issue. In making that determination, as you request that we do, we must construe all the constitutional and legislative provisions together, harmonizing them if possible. St. Louis County v. City of Manchester,supra; City of Kirkwood v. City of Sunset Hills, supra.
We believe that the conflicting exercise of powers you raise can be readily harmonized so as to give effect to both. ArticleIV, Section 37, Missouri Constitution provides:
 The health and general welfare of the people are matters of primary public concern; and to secure them there shall be established a department of social services in charge of a director appointed by the governor, by and with the advice and consent of the senate, charged with promoting improved health and other social services to the citizens of the state as provided by law, and the general assembly may grant power with respect thereto to counties, cities or other political subdivisions of the state.
From this constitutional foundation rise statutory powers granted both to cities and counties to protect the health and welfare of the people. Section 71.680 grants power to third class cities to dispose of "garbage, trash, cinders, refuse matter and municipal waste. . . ." Section 260.215 provides cities and counties with authority to implement solid waste management plans.
The purpose of Sections 260.200 to 260.245 is to control the threats to the public health and the environment which result from the uncontrolled accumulation and improper disposal of solid waste comprehensively. To that end, the legislature not only empowered cities and counties to provide for the proper collection and disposal of wastes generated within their respective boundaries, but also provided a scheme for regulation of the disposal of such wastes.
Under Sections 260.205 and 260.210, anyone operating a landfill, including a governmental entity, must obtain a permit from the Department of Natural Resources and operate in accordance with its regulations. A review of the suitability of a particular location for landfill purposes is obviously a proper subject of regulation; the Department does conduct such a review under its regulations. See Regulation 10 CSR 80-3.010(4). Section 260.215.2 authorizes cities and counties, including a second class county, to adopt ordinances and regulations for the disposal of solid waste. While the local ordinances and regulations must be in conformity with the Department's regulations, they may be more stringent than the Department's regulations. Therefore, the legislature has clearly indicated an intent that local governments may regulate the operation of a landfill to at least the same extent as such operation may be regulated by the Department of Natural Resources.
We believe that the legislature, in its enactment of a comprehensive statutory scheme concerning solid waste management and in particular, Section 260.215, has expressed an intent to subject a third class city, in its location and operation of a landfill, to reasonable regulation by the county in which the landfill is located. We can discern no legislative intent to vest in the city the exclusive power to choose the location or means of operation of the landfill. As the county has been vested by the legislature with the power to regulate in this regard, the city is subject to such regulation. Subjecting the city to reasonable regulation by the county will not prevent the city from exercising its authority to locate and operate a landfill, consistent with the purposes and limitations of Sections 260.200 to 260.245.
CONCLUSION
It is the opinion of this office that a second class county may, pursuant to Sections 260.215.2 and 260.215.4, RSMo, adopt a reasonable ordinance or regulation regarding the location of landfills within the unincorporated areas of the county, without becoming responsible for the requirements placed on cities and counties by Section 260.215.1. In the adoption of such an ordinance or regulation, the county court must follow the procedures outlined in Section 260.215.4. Such an ordinance or regulation, if adopted, would be applicable to a third class city which proposes to locate a landfill in the unincorporated areas of the county.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Dan Summers.
Very truly yours,
 JOHN ASHCROFT Attorney General