AMERICAN ABERDEEN ANGUS, Appellant,

v.

Gary STANTON, Assessor for the County of Buchanan, Missouri, and State Tax Commission of Missouri, Respondents.

No. WD 40390.

Missouri Court of Appeals, Western District.

Dec. 13, 1988.

Charles S. Wilcox, Wilcox & Houts, St. Joseph, Barry Sullivan, Paula Cozzi Goedert, Bruce A. Boyer, Jenner & Block, Chicago, Ill., for appellant.

Carol C. Barnett, Asst. Pros. Atty. of Buchanan County, St. Joseph, for respondents.

Before LOWENSTEIN, J., Presiding, and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

American Aberdeen Angus Association appeals from an order of the circuit court affirming the State Tax Commission's decision that the Association's property does not qualify for a tax exemption as an agri-

cultural society. The judgment is affirmed.

In 1956 the Association, a not-for-profit membership corporation, acquired property in St. Joseph, Buchanan County, Missouri, for development as its national headquarters. Before deciding to move from Chicago, Illinois, to St. Joseph, the Association's board of directors requested an opinion from Missouri state governmental authorities and from Buchanan County governmental authorities regarding the tax status of the Association's personal and real property. The then-assistant prosecuting attorney of Buchanan County requested of the state attorney general's office an opinion on the question. Citing Missouri Supreme Court decisions, the attorney general rendered an opinion which concluded that the Association's property was exempt under Article X, section 6 of the Missouri Constitution and section 137.100, RSMo 1949, so long as the Association complied with the other applicable laws of the state. The opinion was provided to the Association.

In 1982 the Missouri Supreme Court decided the case of *American Polled Hereford Association v. City of Kansas City*, 626 S.W.2d 237 (Mo.1982), which held that, for an agricultural society to be tax exempt, it must comply with the specialized requirements which such societies have historically met. The court reasoned that those requirements were preserved in the constitutional and statutory provisions when the exemption provisions were enacted into law. *Id.* at 240. For an agricultural society to be tax exempt, it must make reports to the Missouri State Board of Agriculture and have its president sit as an ex-officio member of the State Board of Agriculture. *Id.* The Association is a not-for-profit Illinois corporation registered to do business in Missouri. Neither the Association nor its officers make any reports to the State Board of Agriculture. The Association is broader in nature than a county agricultural society, and its president is not a member of the Missouri State Board of Agriculture. On appeal the Association does not challenge the application of *American Polled Hereford* to its case.

Following *American Polled Hereford*, Buchanan County assessed the Association's property for taxation. The Association challenged the county's action in proceedings before the State Tax Commission. In those proceedings, the Association argued that the county was estopped from assessing the property. The Association contended that the county allegedly assured the Association of tax-exempt status for the purpose of inducing the Association to relocate in St. Joseph. In June 1987, the State Tax Commission rendered a decision in favor of the county. The Association sought review in the Circuit Court of Buchanan County. In February 1988, the trial court affirmed the decision of the State Tax Commission.

On appeal to this court, the Association argues that Buchanan County, having induced the Association to relocate in St. Joseph by assuring the Association that its property would be exempt from taxation if it did so, is estopped from taxing the Association's property. Further using the estoppel theory, the Association asserts that the State Tax Commission could not apply *American Polled Hereford* to the Association. Finally, the Association contends that Buchanan County's revocation of the Association's tax-exempt status constitutes a violation of the Contract Clause (U.S. Const. Art. I, § 10, cl. 1).

Necessarily underlying appellant's position are the assumptions that Buchanan County authorized an agreement with the Association, that the county possessed authority to confer tax-exempt status, and that the county validly contracted with the Association. Neither the laws of this state nor the record on appeal supports the Association's assumptions.

■■■ The governing body of Buchanan County is the county commission, formerly the county court. Mo. Const. Art. VI, § 7. The county commission may appoint an agent to contract on behalf of the county. § 431.090, RSMo 1986. A county commission, however, is not a general agent of the county or of the state. Its powers are granted, limited and defined by law.

Whenever the county exceeds its authority, its acts are void. *Browning–Ferris Indus. of Kansas City, Inc. v. Dance*, 671 S.W.2d 801, 808 (Mo.App.1984). A county can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the declared objects and purposes of the corporation. Any fair, reasonable doubt concerning the existence of power has been resolved by the courts against the corporation and the power is denied. *Lancaster v. County of Atchison*, 352 Mo. 1039, 1044, 180 S.W.2d 706, 708 (banc 1944). Section 432.070, RSMo 1986, provides that no county is authorized to make any contract unless the contract is expressly authorized by law. Such contract, including the consideration, must be in writing. *Id.* Agreements with political subdivisions that failed to meet the foregoing requirements have been held void, and performance by the other party has been ineffectual to create legal liability on the political subdivision on the theory of ratification, estoppel or implied contract. *Elkins–Swyers Office Equip. Co. v. Moniteau County*, 357 Mo. 448, 456, 209 S.W.2d 127, 131 (1948); *County of Bollinger v. Ladd*, 564 S.W.2d 267, 270 (Mo.App.1978).

■ Although a county commission fixes the rate of tax to be levied, a county's power actually to tax is subject to the control of the legislature, *Kansas City, Missouri v. J.I. Case Threshing Machine Co.*, 337 Mo. 913, 927, 87 S.W.2d 195, 203 (1935), which exercises the taxing power vested by the constitution in the state. Mo. Const. Art. X, §§ 1, 3. All persons owning or holding real property or tangible personal property are liable for taxes, section 137.075, RSMo 1986, other than those entities specifically excepted. Mo. Const. Art. X, § 6.1; § 137.100, RSMo 1986. All laws exempting from taxation property other than the enumerated exceptions in Article X shall be void. Mo. Const. Art. X, § 6.1. It follows that a county, in and of itself, has no authority to exempt property from taxation. There are no express words granting a county such authority. Neither is such authority implied in or incident to the expressly given power to fix the amount of tax to be levied.

■ The record does not reflect that the Buchanan County Court, the governing body, authorized an agreement with the Association. Nor does the record reflect that the county court appointed an agent to contract on its behalf. Moreover, assuming, arguendo, that the Association were able to prove an agreement with the county court or its agent, such agreement was not in writing. Finally, had an agreement been made with the county court or its agent and had such agreement been a written contract, the agreement would nevertheless be void because the county itself was without authority to exempt from taxation the Association's property. Consequently, for all of the aforestated reasons, the Association's arguments with regard to estoppel and violation of the contract clause are of no avail.

The judgment of the trial court is affirmed.

All concur.