The Honorable Everett W. Brown Representative, District 5 State Capitol Building, Room 207B Jefferson City, Missouri 65101
Dear Representative Brown:
This opinion is in response to your question asking:
 Can a Third Class County levy a sales tax dedicated to the operation of public schools?
The general rule regarding the powers of counties is:
 A county can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the declared objects and purposes of the corporation. Any fair, reasonable doubt concerning the existence of power has been resolved by the courts against the corporation and the power is denied.
American Aberdeen Angus v. Stanton, 762 S.W.2d 501, 503
(Mo.App. 1988), citing Lancaster v. County of Atchison,352 Mo. 1039, 1044, 180 S.W.2d 706, 708 (banc 1944).
Sections 67.500 to 67.545, RSMo, are known as the "County Sales Tax Act." These sections authorize a county, with approval of the voters of the county, to impose a county sales tax in conjunction with a property tax reduction. As a general rule, a county may not transfer its funds to another political subdivision unless authorized to do so. In Attorney General Opinion Letter No. 8-84, a copy of which is enclosed, we stated:
 . . . before a second class county may give its funds to a special road district, a statute must exist that expressly or impliedly gives the county this power. . . . The General Assembly has given counties the authority to grant their funds to certain fire protection districts and public library districts. Section 67.250. The General Assembly has given counties no such power . . . with regard to road districts. . . .
Id. at 2. We find no authorization for the county to transfer the revenue from the county sales tax to school districts. Therefore, we conclude a third class county is not authorized to transfer the revenue from the county sales tax levied pursuant to Sections 67.500 to 67.545, RSMo, to school districts.
Certain statutes authorize specified counties to levy a sales tax and distribute the proceeds to other political subdivisions. For example, Section 67.547, RSMo Supp. 1991, authorizes a "first class county having a charter form of government and having a population of nine hundred thousand or more" to distribute five-eighths of the proceeds of an additional county sales tax to the "cities, towns and villages and the unincorporated area of the county. . . ." Section67.548, RSMo Supp. 1991, authorizes "any first or second class county not having a charter form of government, which contains all or any part of a city with a population of greater than four hundred thousand inhabitants" to impose, with voter approval, an additional sales tax which may be used to
 (1) Reduce or eliminate the county general fund levy, the special road and bridge levy, or the park levy; and
 (2) Grant county sales tax revenues to cities, towns and villages and to special road districts organized pursuant to chapter 233, RSMo.
Certain other statutes authorize specified counties to impose a sales tax for specific purposes. See, for example, Sections67.550 to 67.594, RSMo. Such proposals are submitted to the voters seeking authorization for a sales tax to be imposed with the funds to be used for a specific enumerated purpose. A review of these sections reveals no authorization for a third class county to levy a sales tax to benefit the operation of public schools. We conclude there is no statute which authorizes a third class county to levy a sales tax with the revenue from the sales tax to be distributed to school districts.
In the absence of any statutory provision authorizing a third class county to levy a sales tax to be distributed to school districts, we conclude a third class county may not levy such a tax.
CONCLUSION
It is the opinion of this office that a third class county is not authorized to levy a county sales tax with the revenue from the sales tax to be distributed to school districts.
Very truly yours.
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 8-84